## BUTLER BROTHERS v. AMERICAN FIDELITY CO.[1]

January 3, 1913.

No. 17,730—(92).

**Accident not due to failure of insured to comply with statute.**

In this action to recover from the insurer in a liability insurance contract the amount paid by the insured in the settlement of an action brought against him, made after the insurer had denied liability under the contract and refused to defend the action, it is *held* the accident was not caused by "the failure of the insured to observe any statute affecting the safety of persons," was covered by the contract, and the insurer, in denying liability and refusing to defend the action after notice, breached the contract.

**Notice of second action to insurer.**

It was not necessary to notify the insurer of a second action brought for the same cause after the voluntary dismissal of the first action, where the insurer was notified of the first action, but denied liability, and refused to defend the same.

**Insurer's refusal to defend a waiver of condition in policy.**

By its denial of liability and refusal to settle or defend the action, the insurer released the insured from its agreement not to settle a claim without the consent of the insurer, and waived the condition of the contract making a

[1] Reported in 139 N. W. 355.

judgment after trial of the issue a condition precedent to a recovery by the insured under the contract.

### Recovery of amount paid in settlement.

Where the insurer has agreed to settle or defend an action brought to recover of the insured for an accident covered by the policy, and has wrongfully refused to so settle or defend the action, and the insured defends the same and in good faith makes a settlement thereof, he may recover the amount paid on such settlement, unless it is shown that there was in fact no liability, or that the amount paid was excessive. The settlement is presumptive evidence that there was a liability and as to the amount thereof.

### Liability of insured not in issue.

The record in this case considered, and *held* to show that the question of the insured's liability in the case settled was not an issue under the pleadings, that such issue was not tried by consent, and that it was not shown by the evidence that the insured was not liable for the accident, or that the amount paid in the settlement thereof was excessive.

### Admission of evidence.

There was no prejudicial error in the admission of certain evidence.

Action in the district court for St. Louis county to recover $1,-518.95 on a policy of liability insurance. The facts found by the trial court are stated in the opinion. The answer, among other matters, alleged that at a point on the highway in the Village of Buhl plaintiff had placed and maintained a large quantity of rock on and over the highway, and it did thereby and otherwise obstruct the highway and make it unsafe and dangerous to use or approach; that the accident mentioned in the opinion was caused by the failure of plaintiff to observe the laws and statutes of the state affecting the safety of persons, and certain local ordinances of the village of Buhl; that no action mentioned in the complaint was brought against plaintiff for damages on account of any accident covered by the policy of insurance; that plaintiff never delivered to defendant or any of its agents a copy of the summons or complaint in the second action mentioned in the opinion; that no action mentioned in the complaint was tried or prosecuted to final adjustment upon or after trial of any issue thereof, nor was any judgment entered in any such action after trial of the issue, nor did plaintiff ever pay any money or incur any expense in any action after trial of the issue, nor in satisfaction of

a final judgment of any action mentioned in the complaint after a trial of the issue thereof. The case was tried before Ensign, J., who made findings and as conclusion of law found in favor of plaintiff for $1,350 and $168.95, with interest. From an order denying denying defendant's motion for a new trial, it appealed. Affirmed.

*Kerr & Fowler,* for appellant.

*Theo. Hollister, Frank Hicks* and *J. A. P. Neal,* for respondent.

BUNN, J.

This action was brought to recover on a policy of liability insurance issued by defendant to plaintiff. The case was tried by the court without a jury, and resulted in a decision in favor of plaintiff. This appeal is by defendant from an order denying its motion for a new trial.

The facts are not in controversy, and are as follows: Plaintiff, in June, 1909, was engaged under contract in the work of stripping the overburden from an ore body at the Grant mine in the vicinity of the village of Buhl, St. Louis county. On June 10 defendant issued to plaintiff a "contractors' public liability policy," by which defendant agreed to "indemnify the insured against loss from the liability imposed by law for damages on account of bodily injuries, including death accidentally suffered while this policy is in force by any person or persons, not employed by the insured, during the prosecution of and while at or about the work of the insured described in the application." The policy contained a condition that it did not cover loss or expense for injuries or death "caused by reason of the failure of the insured to observe any statute affecting the safety of persons." It also provided that upon the occurrence of an accident the insured shall give immediate written notice thereof, with full particulars, to the company, and like notice, with full particulars, in case of a claim made on account of the accident. The policy also contained the following conditions:

"Condition 4: If thereafter any suit or legal proceedings are instituted against the insured, even if groundless, for damages on ac-

count of an accident covered by this policy, the insured shall immediately cause to be delivered to the company's home office, or to the agent by whom this policy has been countersigned, every summons, notice, document, or other process served on him in such suit or legal proceedings, and upon the receipt of such summons, notice, document, or other process the company will either settle and discharge said suit or legal proceedings against the insured, or will at its own cost and in the name of the insured defend the same.

"Condition 5: The insured may provide at the company's expense at the time of the accident such immediate surgical relief as is imperative; but the insured shall not assume any liability, nor shall he, without the written consent of the company previously given, incur any other expense, settle any claim, or interfere in any negotiations for a settlement. Whenever requested by the company, the insured shall render every assistance and give all information material to the interests of the company.

"Condition 6: No action shall lie against the company to recover under this policy unless it shall be brought by the insured for loss or expense actually sustained and paid in money by the insured in satisfaction of a final judgment after trial of the issue, nor unless such action is brought within ninety days after such final judgment has been so paid and satisfied."

During the course of its work in stripping the mine, plaintiff laid dump tracks upon an embankment from 8 to 12 feet wide across a public highway in the village of Buhl, and had extended the embankment and tracks some 600 feet beyond and to the south of the highway. The highway to the west of where it was crossed by the tracks extended over a low and swampy piece of ground for several hundred feet. In times of high water this highway had been more or less covered with water, but not to an extent to prevent travel over the same, except for about a week preceding the 13th of August, 1909. When the low ground west of the embankment, prior to the time the embankment was constructed, was flooded to a considerable depth, the excess water would find an outlet; but after the embankment was constructed the flow of this excess water was more or less

obstructed. Within a week prior to August 13 an unusual amount of rain fell, amounting to a cloudburst. Thereby the highway for several hundred feet west of the embankment was flooded to a depth of more than 5 feet at the deepest place; the water being shallow as it was reached traveling the highway from the west, and gradually increasing in depth. Prior to the time the highway was so flooded, plaintiff had constructed a passable roadway leading from a point where one of the dump tracks crossed the highway east of the low ground, extending around the same to the south, and connecting with the highway again. Plaintiff placed a cedar log across the original highway, where it was joined by the new road at the westerly end. The portion of the original highway thus cut off by the embankment at one end and the log at the other end was about 600 feet in length, and was partially submerged by water on August 13.

On August 13, between 6 and 7 o'clock P. M., August Vaatanen, driving a horse and delivery wagon along the highway from the west, came to the log placed across the same, drove over it, continued on the road until the pond of water was reached, and kept on until the water was about 5 feet in depth, where his horse was drowned. Vaatanen attempted to reach dry ground by swimming, but died in the attempt from heart failure due to fright and excitement. In November, 1910, an action was brought by the administrator of Vaatanen's estate against the plaintiff in this action to recover damages for his death. Butler Brothers, defendant in that action, plaintiff in this, immediately notified the insurance company of the commencement of the action, delivered to it the summons and complaint, and demanded that it defend the action, under the terms of its policy of insurance. The company, before the time to answer expired, returned the summons and complaint, and repudiated all liability under the policy, alleging as its ground of repudiation that it had learned from investigation that the insured had violated the provisions of subdivision 4 of condition 2, in that the accident was caused by its failure to observe a "statute affecting the safety of persons."

After this denial of liability, the insured, at its own cost, employed counsel and prepared to defend the action. Thereafter the action

120 M.—11.

was dismissed by the plaintiff therein, and another action immediately begun under a complaint substantially the same as in the first case. The insured did not notify the company of the commencement of the second action, but proceeded to answer and defend the same. The case was on the calendar for trial at Hibbing, when it was settled by stipulation; defendant in the action consenting to the entry of judgment against it for the sum of $1,350. This judgment was entered, and was paid by said defendant. In defending the two actions, the insured was compelled to and did pay the sum of $168.95 for attorney's fees and expenses. In making the settlement the insured acted in good faith, without collusion, and in the exercise of sound discretion and good judgment, being advised that, though the facts were as claimed in its answer, and though it was not legally liable for the death of Vaatanen, it might be held liable in damages to the amount claimed in the complaint; that is, $5,000. Acting under advice of counsel and to avoid further litigation, the settlement was made and the amount paid.

The facts as above stated were found by the trial court. It was also found that the death of Vaatanen was not caused by any negligence of the plaintiff in this action, but was due to Vaatanen's own negligence, or was the result of a risk that he assumed. Under this state of facts, is the defendant company liable to plaintiff for the amount paid in settlement of the case, and for the expenses incurred in defending it?

1. The first question is whether defendant was right in repudiating liability under the conditions of the policy. If the position taken by defendant at the time it refused to defend the action was correct, it follows that there can be no recovery in this action. The claim of the defendant in this regard is now, as it was at the time it denied liability, that the accident was caused by the failure of plaintiff to observe a statute affecting the safety of persons, and therefore that under subdivision 4 of condition 2 it was not liable to indemnify the insured for the loss sustained.

We are unable to sustain this claim. It is based upon the theory that the complaint in the case showed that Vaatanen's death was

caused by the obstruction of a highway, in violation of chapter 215, p. 284, Laws 1905 [R. L. Supp. 1909, § 1199—1]. But we hold that this law is not a "statute affecting the safety of persons," within the meaning of those words as used in the policy. Chapter 215, and similar laws, are enacted to secure to the public the free use of public highways, and, not especially with reference to securing the "safety of persons." The language of the policy should be construed to refer to such statutes as directly aim to secure the safety of persons engaged in or around dangerous work, as, for instance, laws requiring certain machinery to be guarded. It follows that defendant was bound to settle or defend the action, and was guilty of a breach of its contract when it refused to do so.

2. It was not seriously contended on the argument that the insured was obliged to give the company notice of the second suit. Its denial of all liability and refusal to defend the first action made it apparent that notice of the second action would be useless. We hold it was unnecessary.

3. The refusal of the company to take the defense of the action was unjustified, and constituted a breach of its contract. It agreed by its policy to either settle or discharge any suit against the insured, even if groundless, or at its own cost and in the name of the insured defend the same. It did neither, but, on the contrary, denied all liability, and refused to defend the case. Clearly this breach of contract entitles the insured to recover damages that are the natural consequences of the breach, unless positive provisions of the contract preclude such recovery. On the plainest principles of law and justice, defendant could not thus escape the liability imposed by the policy. Had the case been tried, and a judgment entered against the insured for the full amount claimed in the complaint, it could not be doubted that upon payment of such judgment the insured could recover the amount from the company.

Certain provisions of the contract are claimed to preclude a recovery. There was no "trial of the issue," and no judicial determination that the insured was legally liable for the death of Vaatanen. Defendant contends: (1) That under the policy a judgment rendered after "trial of the issue" is a condition precedent to a recovery;

and (2) that in any event the amount paid in settlement of the case cannot be recovered, because it does not appear in this action that Butler Brothers was legally liable to pay anything.

4. If the first contention is sustained, it means that whenever the insurer refuses to defend an action, leaving its entire conduct to the insured, the latter, if he is unwilling to lose the benefit of the insurance he has paid for, must go to the expense of a trial, and take the chances of a heavy verdict, very likely in excess of his insurance. He cannot compromise; he dare not accept a favorable proposition of settlement, without releasing the insurer from all liability. This does not sound reasonable or right; but, if such was plainly the contract of the parties, the result cannot be avoided. The company has refused to take the defense, has refused to exercise its right to settle the case, or defend it, as it saw fit, and has left the entire control and conduct of the litigation with the insured, all contrary to its contract. The amount paid on a reasonable settlement constitutes a "loss from the liability imposed by law" as much as does the payment of a judgment rendered after a trial. The condition that no action shall lie against the company to recover under the policy unless it shall be brought by the insured for loss or expense actually sustained and paid in money by the insured in satisfaction of a final judgment, after trial of the issue, has been complied with in every particular except the single one that there was no "trial of the issue." This requirement is, of course, to prevent collusive settlements by the insured and the plaintiff in the action, or the payment of a gratuity. But when it appears, as it does here, that the settlement was in absolute good faith, made to avoid the chance of an adverse verdict for a much larger sum, it would seem grossly unjust, if not contrary to public policy, to insist that there must be in every case an actual trial and verdict. The law favors the compromise of cases, and the ending of litigation. First State Bank of Mountain Lake v. C. E. Stevens Land Co. 119 Minn. 209, 137 N. W. 1101.

We do not regard the case of Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, as committing us to the doctrine that a trial is a condition precedent to recovery when the insurer refuses to defend, contrary to its agreement. The question in that case was whether

the insurer was liable to pay the amount of a judgment rendered against the insured after a trial of the issue, but before the insured had paid such judgment. In stating that the provision making such payment a condition precedent to recovery against the insurer applied to cases where the company declined to assume the defense, the court was considering the requirement that the judgment must be actually paid by the insured, and not what the result would be in the case of a good faith settlement. This court has never held that when the company, in violation of its contract, refuses to take the defense of the case, the insured may not settle it without relieving the company from all liability for its breach of the contract. And we are not aware of any such holding by any court, unless Patterson v. Adan be construed as so holding, or the New Hampshire decision followed in that case. It may well be true that, when the insurer refuses to take the defense of a case, it does not waive the condition requiring that the insured actually pay the claim, as the latter does not suffer a loss until he parts with his money, and it may be correct, as decided in the Adan case, that this requirement applies only where the insurer has refused to defend; but we do not think that the matter of an actual "trial of the issue" stands on the same basis. It is not the trial that creates the liability insured against, nor is it the judgment. Trial and judgment are merely means by which the fact of liability and the amount are determined; the liability being imposed by law at the time of the accident. As said by Pitney, V. C., in Ross v. American, 56 N. J. Eq. 41, 38 Atl. 22: "The recovery of the judgment is a mere mode by which the insured proves to the insurer that the intrinsic character of the accident was such that he was liable for the consequences of it." Undoubtedly the insured may waive the condition requiring a trial of the issue, and the authorities are practically unanimous in holding that a denial of liability and refusal to take the defense is a waiver of this condition. Especially should this be so where, as in the case at bar, the insurer has agreed to defend all claims within the policy, "even if groundless," and has broken that agreement.

The case of St. Louis Dressed Beef & P. Co. v. Maryland Casualty Co. 201 U. S. 173, 26 Sup. Ct. 400, 50 L. ed. 712, is exactly in

point here, as is the crisp and vigorous language of Mr. Justice Holmes in the opinion. In that case, as in this, the insurer denied liability and refused to defend the suit, which was settled by the insured out of court. The policy contained the condition requiring a judgment after trial of the issue. It was held that "the refusal of the company to defend the suits constituted such a breach of the contract that it released the assured from the agreement not to settle the claim without its consent, and amounted to a waiver of the condition that it was only liable for judgment rendered against the assured after trial and satisfied." We quote from the opinion:

"The substance of the promise is to pay a loss which the plaintiff shall have been compelled to pay, after such precautions and with such safeguards as the defendant may insist upon. It saw fit to insist upon none. * * * But, notwithstanding the contrary suggestion in Sanders v. Frankfort Marine, Accident & Plate Glass Ins. Co. 72 N. H. 485, 498, 499,[1] we think that the only breach which that condition has in view is a refusal by the company to pay after the decision in a case of which it has taken charge, when, notwithstanding the judgment, it conceives itself to have a defense. * * * It would be stretching the words quoted to a significance equally hurtful to both parties, and probably equally absent from the minds of both, to read them as having within their scope an initial repudiation of liability by the defendant and a requirement that in that event the plaintiff should be bound to try the case against itself, although it should be plain that by a compromise it could reduce its claim on the defendant as well as its own loss. * * * If the defendant kept its contract, it would defend the suit, and the plaintiff would have no duties. If it refused to do as it had promised, we cannot think that it was entitled to complain that the plaintiff did not do it when the interest of both was the other way. Before a policy should be construed to have such an extraordinary effect honesty requires that the assured should be notified of his duties in unmistakable words."

Authorities to the same effect are abundant. Many of them were

[1] [57 Atl. 655, 101 Am. St. 688.]

cited in Patterson v. Adan, and it is unnecessary to note them here. Not readily distinguishable in principle is the unbroken line of authorities holding that, where an insurance company denies liability under a policy of fire insurance, it thereby waives a provision making arbitration a condition precedent to a right of action to recover the loss. The trial and judgment required in a casualty policy, like the arbitration and award required in a fire policy, do not constitute the liability insured against, but are merely the means by which the fact and amount of such liability are ascertained. We hold that, by its refusal to take the defense of the action, defendant broke its contract, and waived the condition therein which required a judgment after trial of the issue, as well as released the insured from its agreement not to settle the case without its consent.

5. The conclusions thus far reached are not, however, decisive of this case. There remains to be considered the question whether, on the record before us, defendant is liable to plaintiff for the amount paid in settlement of the suit. We think there is no question as to its liability for the sum paid by plaintiff for attorney's fees and expenses, as this expenditure was a necessary result of defendant's breach of the contract. But the question of liability for the amount paid to compromise the case is not so clear.

It is settled law that, where one is bound either by law or by agreement to protect another from liability, he is bound by the result of a litigation to which such other is a party, provided he had notice of the suit and opportunity to control and manage it. And if the indemnitee settles the suit without trial he may recover the amount from the indemnitor, providing it was a reasonable sum to pay, and the indemnitee was liable in some amount. Inhabitants v. Chace, 16 Gray (Mass.) 303; Kansas City v. Southern, 151 Mo. 373, 52 S. W. 205, 45 L.R.A. 380, 74 Am. St. 545; Southern v. Fidelity, 26 Ky. L. R. 1217, 83 S. W. 620; Minneapolis Mill Co. v. Wheeler, 31 Minn. 121, 16 N. W. 698.

The indemnitee is not, however, necessarily liable for the amount paid by the indemnitor in settlement of the case. The question whether the liability of the indemnitee, or the assured, was one which the contract of indemnity covered, is still open, as is also the

question of the fact and the amount of the liability of the insured. The settlement is not conclusive, either as to the fact that the insured was liable, or as to the amount of such liability. The rule is that these questions are open, and may be litigated and determined in the action brought by the insured to recover the amount so paid in settlement. If it appears that there was no liability in the case settled, the amount paid cannot be recovered. In other words, where there is a trial and judgment in the action against the indemnitee, after notice to defend given to the indemnitor, the judgment is conclusive evidence that the indemnitee was liable, and as to the amount. But where there is no trial and judgment establishing the liability, the question remains open for decision. This is the effect of Minneapolis Mill Co. v. Wheeler, supra, and City of Wabasha v. Southworth, 54 Minn. 79, 87, 55 N. W. 818, and the cases before cited.

But we think a judgment rendered upon a stipulation of settlement should be held to be presumptive evidence of the liability of the insured and the amount thereof. This is held in Kansas City v. Southern, 151 Mo. 373, 52 S. W. 205, 45 L.R.A. 380, 74 Am. St. 545; and Southern v. Fidelity, 26 Ky. L. R. 1217, 83 S. W. 620. See, also, 16 Am. & Eng. Enc. (2d ed.) 180, note 5. It is also, we conceive, the doctrine of St. Louis Dressed Beef and P. Co. v. Maryland Casualty Co., before cited.

One of the questions certified by the Court of Appeals was: "Under the terms of the policy may the liability of the assured to the injured person and the extent of that liability be litigated in the first instance in an action between the assured and the assurer, where the assurer has denied its liability under the policy and has refused to defend an action brought against the assured by the injured person." The answer of the Supreme Court was "in the affirmative, so far as the question is warranted by the facts set forth." It is apparent that the *insured* in that case was insisting upon the right to litigate the question, and it was held that he might. It is not decided where the burden of proof would lie, nor expressly that the settlement was evidence of the insured's liability or the amount thereof. But the language of the opinion is quite inconsistent with

the idea that the burden is on the insured to prove that he was liable to the injured person. We quote (see page 182):

"We assume that the settlement was reasonable, and that the plaintiff could not expect to escape at less cost by defending the suits. If this were otherwise no doubt the defendant would profit by the fact. The defendant did not agree to repay a gratuity, or more than fairly could be said to have been paid upon compulsion. But a sum paid in the prudent settlement of a suit is paid under the compulsion of the suit as truly as if it were paid upon execution."

Though there are decisions that seem to support the view that the insured, if he settles the case, takes his chances of being able to prove, in an action to recover of the insurer, that there was a liability imposed by law on the insured, and that the amount paid was not excessive, this view does not appeal to our idea of equity or law. In effect it would practically preclude the insured from in good faith compromising an action against him when the insurer has refused to settle or defend it, contrary to its agreement. The insured, in order to protect himself, must permit the issue to be tried, and a judgment rendered, or must take his chances of being able to prove, in the action against the insurer, that he was in fact liable in the original action. This would be an ungrateful and often a difficult task. It would mean that the insured must establish his own negligence. Nor does it seem right that a settlement made in good faith by the insured, when the result of the case is in doubt, though it be to the advantage of both the insured and the insurer, should relieve the insurer from liability for its breach of contract, unless the insured proves affirmatively that it was liable in the case settled.

If there was bad faith, if the action at the time it is compromised appears clearly to be without merit, so that the payment of any sum is a mere gratuity, we readily concede that the amount paid cannot be recovered of the insurer. But where the insurer has agreed to settle or defend all claims within the policy, "even if groundless," and has refused to do either, thus breaching its contract, and compelling the insured to defend the action, we hold that the insured

may in good faith make a settlement of the action, and may recover the amount paid on such settlement of the insurer, unless it is made to appear affirmatively that there could have been no recovery had the action been tried. It may well be that a different rule should apply where there is merely the relation of indemnitor and indemnitee, and no positive agreement to defend an action, and no breach of that agreement.

6. It remains to consider the record in the case before us as it bears upon the question whether it is shown that there could have been no recovery for Vaatanen's death, had the trial proceeded to judgment.

It is apparent from the pleadings and the course of the trial that plaintiff's contention was that, though in fact the accident was not caused by negligence on its part, but was caused by Vaatanen's own negligence, yet that plaintiff in the action to recover for his death would or might be able to make a case for the jury, and that the settlement was therefore not only made in good faith, but in the exercise of good judgment. It was the position of defendant, both in its answer and on the trial, that the accident was not within the policy, because it was caused by defendant's failure to obey the statute in relation to obstructing the highway, and, further, that there had been no trial of the action, but instead a settlement without its consent. Defendant does not appear to have contended at any time that plaintiff was not liable for the death of Vaatanen, or that the settlement of the case was not made in good faith and to escape a possible greater liability. Indeed, defendant's position involved the assertion that plaintiff was liable, but that the case was not within the terms of the policy. No attempt was made by defendant to prove that the allegations of the complaint in the death case could not have been proved, at the trial; indeed, defendant introduced no evidence, and that introduced by plaintiff was for the purpose of proving that the accident was covered by the policy, and not to prove or disprove the liability of plaintiff for the accident.

It may fairly be said from the entire record that the issue whether plaintiff was liable for Vaatanen's death was not tendered by the pleadings and not tried. Plaintiff proved that the accident was

within the terms of the policy, and that the settlement was made in good faith, to avoid a possible verdict for a much larger sum, and to end the litigation. Defendant did not prove, nor was it shown by the evidence introduced by plaintiff, that there could have been no recovery in the action had it not been settled. The finding of the trial court that Vaatanen's death was due to his own negligence, and not caused by any carelessness or negligence or unlawful conduct on behalf of the plaintiff, was not a finding of any fact within the issues made by the pleadings or litigated by consent. It is not a finding that a case for the jury could not have been made, had the action proceeded to trial, nor would the evidence warrant such a finding had it been within the issues and made.

Within the rule we have here laid down, that in order to defeat the action the burden of proof is upon defendant to show that there could have been no recovery in the action settled, we hold that the record before us does not show this. It does show, on the contrary, that the action to recover for Vaatanen's death was a real lawsuit, that it was settled in good faith, and that there is no basis for the claim that the payment was a gratuity. Our conclusion is that plaintiff is entitled to recover, not only the amount expended in costs and attorney's fees incurred in defending the case, but also the amount paid in compromise of the damages for Vaatanen's death.

7. It was not prejudicial error to permit the witness Nelson, attorney for plaintiff in the action by the administrator, to testify that in his opinion he would have been able to prove the allegations of the complaint in that case. The evidence was relevant on the issue of the good faith of the settlement made, a question not in controversy on this appeal. In so far as it tended to show that plaintiff in the action could or would have made a case establishing the liability of defendant for the accident, it was probably objectionable as the opinion of a witness; but the decision indicates that weight was not given to the testimony in this respect, and, if error, it was without prejudice.

Order affirmed.

HOLT, J. (dissenting.)

I dissent. Under the provisions of the insurance contract, and

the facts found, I do not consider the defendant liable for more than the expenses incurred by plaintiff in the defense of the suit brought against it by the administrator of Vaatanen's estate.