ANDERSON AND IRELAND COMPANY

*vs.*

THE MARYLAND CASUALTY COMPANY.

*Insurance*: *accident—; agreement to pay counsel fees; construction and obligation; right of assured.*

A policy of accident insurance provided that the insurer, a casualty company, would, at its "cost," investigate all accidents and defend all suits against the insured, of which notice should be given as stipulated, with an agreement that the casualty company should not be responsible for any expenses incurred by the insured unless first specifically authorized by the insurer in writing; in such a case if the insurer fails or refuses to defend a suit brought against the insured (on a character of claim covered by the policy), the insured is entitled to recover from the insurer to the extent of the loss thereby occasioned.    p. 71

Such an insured was sued on such a claim; the counsel for the insurer wrote the insured that it seemed so much in sympathy with the plaintiff that the counsel of the insurer might be compelled to withdraw from the suit at the trial, in order to protect the interest of the casualty company, and suggested that the insured should have its own counsel present at the trial table, in order to protect its interests; the insured employed its own counsel, who assisted at the trial of the case; the casualty company paid the judgment which was recovered by the plaintiff in the suit, but refused to reimburse the insured the fee which it had paid its counsel specially employed by it: *Held,* that the position of the casualty company left the insured no alternative but to employ extra counsel; and for the reimbursement of the expenses so incurred the insurer was liable.

pp. 70-71

The obligation of the insurer to defend the suit at its own cost was not to be qualified or discharged because of its mere opinion or belief that the insured was acting in a manner prejudicial to a legitimate defense against the liability covered by the policy.                                                              p. 71

Before the vested, contractual rights of the party entitled to the indemnity could be held to have been properly disregarded, or disturbed on such a ground, it must appear by affirmative proof that the acts alleged to have been prejudicial were in reality committed.                                    p. 71

The provision in the policy that the casualty company would not be responsible for expenses incurred by the insured in the absence of special authorization only applied where both parties were proceeding in accordance with the terms of the agreement.                                            p. 72

*Decided March 18th, 1914.*

Appeal from the Baltimore City Court.   (HARLAN, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER and CONSTABLE, JJ.

*Edward M. Hammond* (with whom were *N. Rufus Gill & Sons* on the brief), for the appellant.

*Walter L. Clark* (with whom was *Robert R. Carman* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

A policy issued by the appellee casualty company insured the appellant corporation to the amount of $10,000 against loss from liability for damages on account of bodily injuries accidentally suffered by persons using the elevator in the appellant's building in Baltimore City. It was provided in the policy that the appellee should at its own cost "investigate all accidents and defend all suits (even if groundless)," of which notice was given as stipulated. There was a provision that the Casualty Company should not be responsible for any expenses incurred by the insured unless they were first specifically authorized by the former company in writing. While the policy was in force a person was injured in

the use of the elevator and sued the appellant company for damages. The Casualty Company prepared to defend the suit, but a short time before the trial its general attorney complained in writing to the appellant company that it seemed to be in sympathy with the plaintiff in the case, and stated: "From the facts I now have before me in reference to this and other phases of the case, I desire to respectfully suggest that it will be advisable for you to have your own counsel present at the trial of this suit for the reason that matters may develop in the course of the trial which will compel me to withdraw from the case in order to protect the interests of the Maryland Casualty Company. Will you kindly give me the name of your counsel at once so that I can give him all the facts in my possession and enable him to get ready for trial in the shortest possible space of time." In pursuance of this letter the appellant employed counsel, who participated with the general attorney of the Casualty Company in the further conduct and trial of the case. The suit resulted in a judgment for the plaintiff, which the Casualty Company paid in accordance with the terms of the policy, but it has declined to reimburse the appellant company for its expense incurred in the employment of counsel to defend the suit. It is the object of the present action to obtain such reimbursement. In the trial below a verdict was entered for the defendant under an instruction based upon the theory that the policy did not obligate the Casualty Company to pay the assured for any expenses except such as were first specifically authorized in writing, and that there was no evidence tending to show such authorization as to the expenditure for counsel fees to which the suit relates. An exception to the granting of the instruction presents the main question to be considered on this appeal.

The contract of insurance imposed upon the Casualty Company the distinct obligation to *defend at its own cost* the suit on account of which the appellant made the expenditure for which it now seeks recovery. It was the clear intent of the agreement to relieve the assured of the expense of defending

the actions against which the policy was to furnish indemnity. If the insurer had altogether failed or refused to defend the suit brought against the appellant, there would have been an undoubted breach of contractual duty for which the latter could recover to the extent of the loss thereby occasioned. *South Knoxville Brick Co.* v. *Empire State Surety Co.* (Tenn.), 150 S. W. 192; *Butler* v. *American Fidelity Co.,* 120 Minn. 157, 139 N. W. 355; 44 L. R. A. (N. S.) 609. In the case as presented the Casualty Company did not definitely decline to defend the suit in question, but it assumed a position which left the appellant no alternative but to make independent provision for the defense. The letter from which we have quoted indicated in effect the purpose of the Casualty Company to withdraw from the case if the developments at the trial should, in the opinion of its general attorney, require such action. As the appellant could not be certain that such an emergency would not arise, it could not do otherwise than act in pursuance of the formal advice of the insurer to employ separate counsel. It appears from the context of the letter that the Casualty Company was under the impression that the appellant was in sympathy with the plaintiff in the damage suit and that this attitude might be apparent and embarrassing to the defense at the trial. The record does not show to what extent, if at all, this view was supported by the facts. It is admitted that the conduct of the appellant at the trial was entirely satisfactory. The defense was fully and carefully developed and the suit, which was for $25,000.00 damages, resulted in a verdict for only $750. The Casualty Company had offered to compromise the case for $1,500. There was no question but that the situation as it actually existed at the time of the trial was one which called for the performance by the appellee of its agreement to defend the suit at its own expense. Instead of fulfilling this duty alone, it required the appellant's co-operation by proposing to retire from the case if its counsel should consider such a course desirable for its interests. This was unquestionably a breach of the contract of insurance and sub-

jected the insurer to liability for the reimbursement claimed unless the appellant's conduct was in fact of such a character as to justify the Casualty Company in adopting the policy indicated in the letter of its general attorney. The obligation of the insurer to defend at its own cost was not to be qualified, restricted or discharged because of its mere opinion or belief that the insured was acting in prejudice of a legitimate defense against the liability covered by the policy. Before the vested contractual rights of the party entitled to the indemnity can be held to have been properly disregarded or disturbed on such a ground, it must appear by affirmative proof that the acts alleged to have been prejudicial were in reality committed. The evidence before us does not meet this requirement. The correspondence in the record leaves no doubt as to the sincerity of the belief expressed by the general attorney on this subject, but it does not afford sufficient basis for a judicial determination that the Casualty Company could rightfully impose upon its policy holder an expense which it alone was required to pay under the terms of the contract.

In our opinion the appellant's right to recover in this case does not depend upon its ability to show that its expenditure for counsel fees was specifically authorized in writing by the insurer. The provision that the Casualty Company would not be responsible for expense incurred by the insured in the absence of such authorization could only apply where both parties were proceeding in accordance with the terms of the agreement. The notice in pursuance of which the appellant employed counsel was not consistent with the policy, but in direct opposition to its provision that the insurer should defend the action. It was given in reference to the contingency of the withdrawal of the Casualty Company from the case and its refusal to further perform its contractual duty to defend. It contemplated a possible rescission and not a certain performance of the agreement. The letter from the general attorney to the appellant could not, therefore, be held to constitute an authorization of expenditures within the meaning

of .the clause in the policy dealing specifically with that subject. But in our view of the case there can be no doubt as to the liability of the appellee to make the reimbursement here claimed, under its express agreement to .defend the accident suit at its own cost, unless it can show the existence of conditions sufficient in law to relieve it of that obligation. Our conclusion is that the prayer directing a verdict for the defendant should have been refused.

The appellant excepted also to the action of the trial Court in declining to instruct the jury that if they found from the evidence that the defendant notified the plaintiff to be represented by counsel in the damage suit, and that in accordance with such notification the plaintiff employed counsel to serve for the defense at the trial, and that the plaintiff paid the counsel so employed for their services in the defense, then the verdict should be for the plaintiff for such sum as the jury might find was paid by the plaintiff for such service, with interest in the discretion of the jury. It will be observed that the prayer treats the letter from the general attorney of the Casualty Company as a *notification* to the appellant to be represented by counsel in the suit then pending. In view of the necessary effect of its terms we think the letter admits of that characterization, and the proposed instruction was not on that account objectionable. But there was a question raised in the testimony as to the reasonableness of the amount expended by the appellant for the services of counsel in the defense of the damage case, and as the prayer disregarded that issue its rejection was proper.

The only other exception in the record refers to the exclusion of a letter from the appellant's counsel to the general attorney of the Casualty Company giving the reason of the writer for his opinion that the latter company should pay the claim now in suit. There was no error in this ruling.

> *Judgment reversed, with costs and new trial awarded.*