# RICHARD W. KLEMMER AND ANOTHER v. OHIO CASUALTY INSURANCE COMPANY.[1]

February 10, 1933.

No. 29,284.

[1]Reported in 246 N. W. 896.

*William E. G. Watson* and *Edmund T. Montgomery,* for appellant.
*Nelson & Nelson,* for respondents.

HILTON, JUSTICE.

Plaintiffs had a verdict for $700. Defendant's alternative motion for judgment notwithstanding the verdict or for a new trial was denied. Judgment was entered, and this appeal taken therefrom.

On August 4, 1930, defendant issued to plaintiffs its policy of insurance known as "Employers' Public Liability Policy—Contractors' Form." On November 3, 1930, employes of plaintiffs were operating two of plaintiffs' trucks, one behind and fastened to the other. They were proceeding in a northerly direction on paved trunk highway No. 1 at about five or six miles an hour. The paved part of the highway was 18 feet wide. A trailer was attached to the rear truck. On this trailer was a large gas shovel. The trailer was not an ordinary one, but had been built and was used solely for moving the shovel, and only occasionally, from place to place. The shovel was used by plaintiffs for digging sand, gravel, and dirt and was being moved from their gravel pit and main office in Owatonna to a place near Deerfield, in Steele county, where it was to be used in digging like material upon a road project of another contractor. It was being transported from one working location of plaintiffs to another.

Trunk highway No. 1 runs past and immediately adjoins plaintiffs' central premises in Owatonna. At about six a. m. on November 3, when a mile and a half from Owatonna, a collision occurred between the trailer and an automobile being driven by Norbert J. Mayer in a southerly direction. Mayer was killed. Plaintiffs, believing they were protected by the policy, immediately notified de-

fendant of the accident. It denied liability and advised plaintiffs they would have to handle the matter as they thought best.

Lydia M. Mayer, widow, as administratrix of Mayer's estate, brought an action against plaintiffs here to recover $8,000 for the wrongful death of her husband and for expenses incident thereto. Defendant refused to defend. Its declination was based specifically on the ground that the provisions of its policy did not cover the accident. Issue was joined in that action, and shortly before it was reached for trial plaintiffs here settled it by the payment of $500. They also paid attorneys' fees of $250. This action was brought to recover the $750 so paid. The evidence showed that the settlement was made honestly, in good faith, without collusion, and under advice of plaintiffs' attorneys, who considered the case a dangerous one and advised settlement.

The trailer in question was over eight feet wide, and no written application had been made for moving or permit obtained to move such a trailer on the highway prior to the accident. The law requires such an application and permit. 1 Mason, 1927, §§ 2720-35 to 2720-39. However, there had been a telephonic authorization for such use and a promise to send a written permit. The trailer was wider than the trucks that were towing it, and projected to, if not over, the center line of the highway. It had on it red flags, which extended still farther to the left. Decedent's automobile, after passing the two trucks, hit one of the flags on the trailer and then its left rear wheel.

Defendant's assignments of error are: (1) That no cause of action was proved against the defendant because the loss of plaintiffs was not covered by the insurance policy; (2) that defendant was entitled to a directed verdict because it conclusively appeared from the evidence that no liability was imposed by law upon the plaintiffs by reason of the accident; (3) that defendant was entitled to a new trial because of errors (specified) in the conduct of the trial, (a) having to do with rulings upon admissibility of evidence, (b) errors in the court's charge, and (c) misconduct of plaintiffs' counsel.

■ The first assignment of error, concededly the important one, calls for a construction of the policy. In such construction the rule in this state is that "the language of a policy, being that selected by the insurer and for its benefit, must be clear and unambiguous, and any reasonable doubt as to its meaning must be resolved in favor of the insured." 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4659; Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L.R.A. (N.S.) 184; Tupper v. Massachusetts B. & I. Co. 156 Minn. 65, 194 N. W. 99; Garbush v. Order of U. C. T. 178 Minn. 535, 228 N. W. 148; Zenith B. & L. Co. v. National U. F. Ins. Co. 144 Minn. 386, 175 N. W. 894. The same rule maintains generally. 32 C. J. § 265 (2), p. 1152.

The provisions of the policy, and the declarations attached thereto, particularly to be construed, are: (The portions italicized are those especially relied upon by plaintiffs.)

Defendant "does hereby agree with the assured named and described as such in the Declarations forming a part hereof, as respects bodily injuries accidentally sustained, including death at any time resulting therefrom, as follows:

"I. To indemnify the Assured against loss by reason of the liability imposed upon him by law for damages on account of such injuries. * * *

"III. To defend in the name and on behalf of the Assured any suits which may at any time be brought against him on account of such injuries, including suits alleging such injuries and demanding damages therefor, *although such suits, allegations, or demands are wholly groundless, false, or fraudulent.*
* * * * * *

"V. This agreement shall apply to such injuries sustained by any person or persons except those employed by the Assured or to whom the Assured may be held liable under any Workmen's Compensation Law, Scheme, or Plan. * * *

"VI. This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations, which operations, for the purpose of this insurance, shall include

the work of making ordinary repairs for the preservation of machinery or structures and the *installation, removal, repair, or replacement of mechanical equipment.* \* \* \*

"VII. This agreement shall apply to such injuries so sustained *(a) while at, within, or upon the Contracting or Central Premises as defined in said Declarations or the public ways immediately adjoining such Central Premises, and (b) while elsewhere if caused by such business operations actually conducted at, within, or upon the Contracting Premises or by employees of the Assured engaged as such in the business operations described in said Declarations who are required in the discharge of their duties to go off the premises,* subject, however, to the following specific condition: This agreement shall not apply to such injuries caused by employees while driving or using any vehicle elsewhere than upon the Contracting or Central Premises."

*(Declaration)* "Item 3. All business operations, including the operative management and superintendence thereof, *conducted at or from the locations and premises defined below,* as declared in each instance by a disclosure of the estimated remuneration of employees under such of the following Divisions as are undertaken by the Assured: (1) All contracting operations undertaken at or upon such part of any public or private premises (herein called 'Contracting Premises'), as the Assured occupies by contract or special permit for the sole purpose of conducting therein or thereon such operations as are hereinafter described. (2) *All business operations conducted at or from premises owned, maintained, or occupied by the Assured as central or general offices, workplaces, storage or material yards, including public ways adjacent thereto and which are used for the business operations herein described (herein called 'Central Premises')* \* \* \* The insured premises are located as follows: (1) Contracting Premises E½ of NW¼ Sec. 14 Twp. 107 Range 18 or similar work located elsewhere in Dodge County, Minnesota *and elsewhere in Minnesota as business may require.* (2) Central Premises Owatonna, Minn."

Under the heading of *"Classification of Operations"* appears the following:

"1. At Contracting Premises Sand and Gravel Digging—no canal, sewer or cellar excavation—including Drivers, Chauffeurs and their helpers and all employees engaged in the construction, repair and maintenance of all buildings, structures or equipment, including installation of machinery * * *."

Defendant attempts to construe the language "injuries so sustained * * * upon * * * the public ways immediately adjoining such Central Premises" as meaning "injuries sustained at a place immediately adjoining the central premises upon a public way." This would seem to be a too narrow construction. However, taken in connection with other provisions of the policy later referred to herein, a decision on that point alone is not determinative of this case. Nor can we agree to the narrow construction of the insurer that of necessity the coverage only applied when the shovel was actually being used in digging operations.

The insured premises named in the policy are both the "Contracting Premises" and the "Central Premises." The former includes a described 80 acres of land in Dodge county, Minnesota, and also covers similar work located "elsewhere in Minnesota as business may require." Plaintiffs were removing a necessary piece of their machinery, the gas shovel, from the "Central Premises," upon the nearest and most practical route to a near-by location in Minnesota, where they were intending to put it in use for the purpose for which it was bought. Defendant claimed that the work to be done at Deerfield was different from that at the gravel pit, and hence not covered by the policy. There was evidence that it was of the same general character—digging sand, gravel, and dirt. It is also significant to note that in a part of the policy hereinbefore quoted "canal, sewer or cellar excavation" was prohibited. No other kind of excavation was excepted from the coverage.

Without further comment on the provisions of the policy, it is apparent that a reasonable construction thereof justified and per-

haps required a holding that plaintiffs were protected by the policy against the loss incurred and were entitled to the recovery awarded. Cases cited by defendant have been examined; they are readily distinguishable upon the facts.

■ We cannot agree with defendant in its claim that from the evidence it conclusively appears that no liability was imposed by law upon plaintiffs as a result of the accident. Its theory was that Mayer was guilty of contributory negligence as a matter of law and hence recovery could not be had by Mrs. Mayer from plaintiffs. It is true that four of plaintiffs' employes, who were operating the trucks and trailer, testified on behalf of defendant here that Mayer was going at an excessive rate of speed and was not on the proper side of the highway. Mayer, however, missed both trucks. It was incumbent upon defendant in this case affirmatively to show that there was no liability upon the insured. Butler Bros. v. American Fidelity Co. 120 Minn. 157, 139 N. W. 355, 44 L.R.A.(N.S.) 609; Farrell v. Nebraska Ind. Co. 183 Minn. 65, 235 N. W. 612. In addition to what hereinbefore appears, taking into consideration the fact that Mayer was dead and the presumption maintaining that he was using due care, 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2616; 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7032, and cases cited; and also the fact that there were persons, other than those who testified, who saw and heard the accident and immediately viewed the premises, some of whom plaintiffs' attorney interviewed, the wisdom of the settlement cannot be questioned. If the Mayer action had been tried, the question of insured's negligence and that of Mayer's contributory negligence would have presented fact issues for the jury. The jury in the instant case had sufficient evidence upon which to find that defendant had not affirmatively shown that plaintiffs could not be held responsible for the accident.

■ Upon the record we find no sufficient grounds supporting defendant's assignments of error relative to rulings on the admission of evidence, the charge to the jury, or the claimed misconduct of counsel.

Affirmed.

OLSEN, JUSTICE, took no part.