**Harland HANSEN, Special Administrator of the Estate of Kenneth Nielsen, Deceased, Plaintiff,**

**v.**

**GLOBE INDEMNITY COMPANY, a corporation, Defendant.**

Civ. A. No. 806.

United States District Court, D. Minnesota, Second Division.

Dec. 30, 1954.

Mulholland, 228 Mass. 152, 117 N.E. 46; see Wiley v. Simons, 259 Mass. 159, 161, 156 N.E. 23.

Gallagher, Farrish & Sheran and Miles B. Zimmerman, Mankato, Minn., for plaintiff.

Durham, Swanson & Lasley, Minneapolis, Minn., for defendant.

DONOVAN, District Judge.

Defendant removed this action from the Minnesota District Court, Sixth Judicial District, because of diversity of citizenship of the parties.

The action is based on a policy of insurance issued by defendant to one Dean Lowe, the owner of a Cessna 170 airplane, rented by Lowe to plaintiff's decedent, Kenneth Nielsen (who was a licensed pilot) and three fellow passengers,[1] all of whom met death by accident while occupants of said plane in flight. Actions were commenced by representatives of the three passengers against Lowe and plaintiff's decedent's

1. The complaint alleges:

"That on or about March 27, 1953, Kenneth Nielsen, George Nielsen, Melvin Arthur Roessler, and Philip O'Leary were occupants of an airplane owned by and rented from Dean Lowe, doing business as the Mankato Aero Service; that during the course of its operation, said airplane crashed into the ground near Minnesota Lake, Minnesota, as a result of which said Kenneth Nielsen, Melvin Arthur Roessler and Philip O'Leary were caused to die.

"That shortly thereafter trustees commenced actions against said Dean Lowe and this plaintiff, as special administrator of the estate of Kenneth Nielsen, on behalf of the survivors and next of kin to recover for the wrongful deaths of said Melvin Arthur Roessler, George Nielsen and Philip O'Leary.

\* \* \* \* \* \* \*

"That on or about February 7, 1953, defendant, for a valuable consideration, issued its policy of insurance to said Dean Lowe, d/b/a Mankato Aero Service, and that said policy insured said Dean Lowe and any other person using or riding in an airplane described in such policy with the permission of said Dean Lowe against liability imposed by law for damages sustained by any passenger caused by accident arising out of the ownership, maintenance or use of said airplane; that the airplane hereinbefore mentioned was described in said policy and that said policy was in force and effect at the time of the aforesaid accident.

"That immediately after said accident, defendant caused an extensive investigation to be made, and, after service of the summons and complaint hereto at-tached upon said Dean Lowe, undertook the defense of and caused answers to be interposed in said actions by and on behalf of said Dean Lowe.

"That the results of said investigation were not made known to this plaintiff by defendant, nor did defendant disclose to plaintiff that the policy of insurance issued by it to said Dean Lowe clearly provided coverage to plaintiff against the claims stated in said complaints, and that under the terms of said policy defendant was absolutely obligated to undertake investigation and to defend said actions on behalf of plaintiff as an additional insured under said policy; that defendant well knew that plaintiff was uninformed about the existence of said policy and the coverage it provided to plaintiff and that plaintiff has been served with copies of the summonses and complaints hereto attached and had employed independent counsel to defend against said actions upon the assumption that no coverage existed.

\* \* \* \* \* \* \*

"That to avoid the risk and expense of carrying on the litigation further and of losing an opportunity to effect what plaintiff deemed a provident settlement, plaintiff obligated himself, as special administrator of the estate of Kenneth Nielsen, to pay to Margaret Nielsen, as trustee, the sum of $7500.00 in settlement of her suit, and defendant, as part and parcel of said settlement negotiations, obligated itself to pay certain amounts in settlement of the other suits; that the settlement made by plaintiff was consented to and agreed by defendant to be a reasonable one."

estate, and the latter agreed to contribute $7,500 towards settlement thereof. Plaintiff seeks damages in said sum, together with $1,500 attorneys' fees.

Plaintiff contends a fiduciary relationship existed between plaintiff and the defendant in the instant case, and that defendant was charged with the duty to disclose to and inform plaintiff of the existence of said insurance and of the fact that the interests of the insured, Dean Lowe, and that of plaintiff's decedent, were conflicting to such an extent as to preclude defendant's conducting the defense of said Dean Lowe.[2]

Defendant admits the contribution of $7,500 in settlement to be reasonable, but denies liability to plaintiff because of the alleged violation of defendant's policy by plaintiff's decedent as pilot of the airplane.[3]

Defendant contends the airplane involved in the accident was free from defects and that the sole cause of the accident was the negligent operation thereof by the pilot, which thereby excluded him from protection under paragraph B 4(b) and (c) of said policy, reading as follows:

"(b) who violates or permits the violation of any governmental regulation for civil aviation applying to aerobatics, * * *, minimum safe altitudes; * * *

"(c) who permits, performs or attempts to perform aerobatics during which the aircraft is intentionally operated at an altitude of less than 1,000 feet above the terrain, * * *."

■■ The burden of proof shifted to defendant following proof of the renting of the airplane to plaintiff's decedent and said passengers and their subsequent deaths, and the introduction in evidence by plaintiff of the insurance policy. The evidence adduced by defendant was furnished by testimony of the owner, Dean Lowe, who had taught plaintiff's decedent during his course of training to become a pilot. He said the airplane was sound and in good mechanical condition and concluded the accident was occasioned by decedent's misjudgment in failing to "pull out" in time, as he descended at a 45-degree angle at excessive speed. Two eyewitnesses testified in substance that the deceased pilot pulled out in time on one dive, but failed on the second. One saw dust or smoke as the airplane came close to the ground on the first occasion, and another saw smoke emitted by the airplane followed by three or four seconds of the witness' failure to hear the roar of the engine heard by him prior to seeing the smoke. Defendant contends that the pilot was "stunting." The only alternatives are self-destruction or mechanical failure on the

2. Plaintiff pleads estoppel against defendant's attempt to avoid coverage of plaintiff's decedent.

3. By amended answer defendant alleges: "Defendant admits the allegations of Paragraphs I, II, III, IV, V, VI and X of the Complaint; alleges that in addition to the suits mentioned in Paragraph IV of the Complaint, plaintiff's attorneys commenced an action for plaintiff against Dean Lowe to recover for the death of Kenneth Nielsen, which action was likewise consolidated for trial with the other actions wherein it was alleged that the airplane was unsafe and not in a fit or proper mechanical condition; also Dean Lowe commenced an action against plaintiff to recover for the damages to his plane.
"The only investigation that defendant made at the time was to secure a copy of the report of investigation of this accident made by the Civil Aeronautics Board from which it appeared that the accident was due to the pilot's violation of the laws and regulations of the State of Minnesota and the Civil Aeronautics Board applying to aerobatics and minimum safe altitudes and further due to his performing aerobatics at an altitude of less than 1,000 feet, all of which are excluded from coverage under defendant's policy.
"By reason of the pilot's violation of the terms of defendant's policy as above set forth, the suit brought by plaintiff against Dean Lowe and the suit by Dean Lowe against plaintiff, there was no fiduciary relationship existing between the parties, and defendant's primary and only duty under the circumstances was to its named assured, Dean Lowe."

part of the airplane. Defendant offered the findings of the Civil Aeronautics Board that:

> "There was no evidence disclosed in the examination of the wreckage to indicate failure or malfunctioning of the aircraft or components prior to impact."

The trier of the facts has given close and searching thought and consideration to what was left "of the wreckage" as viewed by the Board in determining the difficult questions of fact of the instant case in respect to what the "wreckage" revealed, in the light of all the evidence in the case. The legal conclusion reached by the Board as a result of its view of the wreckage is not binding on the trial court.

Defendant has two presumptions of law to meet and overcome. " 'Gainst self-slaughter" there is a presumption.[4] A man accidentally killed is presumed to have exercised due care for his own safety,[5] and the burden is on the insurer to prove the pilot's negligence to be the proximate cause of the accident.

I am satisfied that the only factual issues are the possible errors in judgment on the part of the pilot and possible defects in the airplane involved. There is no evidence of "self-slaughter." The pilot was accompanied by his brother and two friends, each the young father of three children of tender age.

The only expert testifying was the owner of the destroyed airplane, and his testimony as to cause and effect was not persuasive on cross-examination. The Board's proffered help in the way of a conclusion as to "no evidence" of defect in the "wreckage" invades the province of the Court as a trier of the facts.

Defendant relies on Weis v. State Farm Mut. Auto Ins. Co., Minn., 64 N.W. 2d 366, which is not in point, as the trier of the facts in the instant case is not convinced that the accident was caused by "acts deliberately and intentionally committed."

In my opinion defendant has not carried its burden of proof. It relies on the exclusionary clause in the insurance policy. Such exclusions must be construed strictly in favor of the insured. Reasonable doubts must be resolved against the insurer.[6] There must be a liberal construction favoring the insured.[7] The obligation of the insurer to defend an action such as those commenced in state courts, whether groundless or not, matures when the actions are brought and does not depend upon the result of trial. The insurer became an agent for the omnibus insured, charged with the duty of conducting investigation and defense of the actions commenced in the state court.[8]

If an insurer refuses to defend an action without justification, the insured may be reimbursed in the amount of a reasonable settlement arrived at despite provision in the policy to the contrary. By its denial of liability and refusal to settle following plaintiff's first being apprised of coverage under the policy, consent to settlement on the part of the insurer was not required.[9] Under such circumstances the measure of damages for the resulting breach of contract includes the reasonable amount for settlement on account of the death of the three passengers and all reasonable necessary costs and expenses met with by

**4.** State ex rel. Hawkins v. Industrial Commission of Minnesota, 157 Minn. 33, 195 N.W. 766, 36 A.L.R. 394.

**5.** Northern Pac. Ry. Co. v. Haugan, 8 Cir., 184 F.2d 472, 479; Dealer's Transport Co. v. Werner Transport Co., 8 Cir., 203 F.2d 549.

**6.** Klemmer v. Ohio Casualty Ins. Co., 188 Minn. 209, 246 N.W. 896.

**7.** Cavallero v. Travelers Ins. Co. of Hartford, Conn., 197 Minn. 417, 267 N.W. 370.

**8.** Minnesota Electric Distributing Co. v. United States Fidelity & Guaranty Co., 173 Minn. 114, 216 N.W. 784; Christian v. Royal Ins. Co., 185 Minn. 180, 240 N. W. 365, 22 A.L.R. 659.

**9.** Butler Bros. v. American Fidelity Co., 120 Minn. 157, 139 N.W. 355, 44 L.R.A., N.S., 609.

the insured in defending the three actions in the state court.[10]

The Court has weighed the evidence, perused the law and read all the briefs of counsel.

Plaintiff may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Defendant may have an exception.

10.   Mannheimer Bros. v. Kansas Casualty & Surety Co., 149 Minn. 482, 184 N.W. 189.