**WISCONSIN HYDRO ELECTRIC COMPANY, a Wisconsin corporation, Plaintiff,**

v.

**EQUITABLE FIRE AND MARINE INSURANCE COMPANY, a Rhode Island Corporation, Defendant.**
Civ. A. No. 2290.

United States District Court,
D. Minnesota, Third Division.
March 28, 1955.

Gustav A. Larson (of Felhaber & Larson), St. Paul, Minn., for plaintiff.

Richard Converse (of Robins, Davis & Lyons), Minneapolis, Minn., for defendant.

DONOVAN, District Judge.

Plaintiff brings this action to recover a loss allegedly sustained within the coverage of an insurance policy issued by defendant. The pertinent facts relative thereto are as follows:

On November 27, 1945, defendant issued an insurance policy insuring plaintiff against certain losses.[1] On September 1, 1948, while the policy was in force, an explosion occurred on premises owned by Charles Lotwin at 809 Main Street, Menomonie, Wisconsin. Plaintiff was not the owner, lessee, or occupant of, nor maintained any care, custody, or control over said premises. At the time of the explosion, plaintiff's employee was servicing a gas water heater in and upon said premises at the request of Lotwin.

As a result of the explosion, Lotwin commenced an action against plaintiff for damages to his property, and plaintiff paid him $12,500 in settlement. Plaintiff notified defendant of the explosion and the commencement of the action and requested defendant as the insurer to take over under an existing poli-

---

1. The policy provides that defendant insures plaintiff:

"(a) Against All Direct Loss Or Damage By Explosion (excluding Explosion originating within Steam Boilers, Pipes, Fly-wheels, Engines and Machinery connected therewith and operated thereby) except as hereinafter provided, To An Amount Not Exceeding Seventy Five Thousand And No/100 Dollars, to the following described property while located and contained as described herein, and not elsewhere, to-wit:

"(b) To indemnify the assured against loss by reason of the liability imposed upon assured by law for damage caused by explosion as respects loss to or destruction of property of others (including resultant loss of use of such property) resulting solely and directly from explosion due to the business operations of the assured, such being the manufacture of gas and electricity, including the operation of gas holders, subject to limitations or stipulations in the following para-graphs, on premises located:—

"1226 Thirteenth Avenue (formerly South Clinton Street) Monroe, Wisconsin, 418–420 West First Avenue, Southeast corner of West First Avenue and the Chicago, St. Paul M. & O. Railroad Right of Way, Menominee, Wisconsin; South of the Corner of East Pine and Corn Streets, adjoining the Chicago and Northwestern Railroad Right of Way, Platteville, Wisconsin.

"(c) It is understood and agreed that this policy does not cover any claim for loss or damage due to explosion originating in service or street mains or other property owned, leased, occupied or controlled by the assured outside the premises of the assured as described above.

"(d) This policy does not cover the liability of the assured for: property owned, leased, occupied or used by or in the care, custody or control of the assured."

cy of insurance. Defendant refused to negotiate, settle or defend the action or to compensate plaintiff for its loss.

Thereupon settlement was entered into and this suit is to recover moneys paid out by plaintiff to Lotwin in connection therewith.

Two issues were presented at the trial of the instant case to the Court, (1) Whether the loss was covered by the policy, and (2) whether the settlement and expenses were provident. The sole issue for determination may be limited to coverage.

It is the contention of plaintiff that the insurance policy covered explosions resulting from the business operations of the assured and was not limited to the premises particularly described therein. Defendant, on the other hand, contends that the policy defines the covered business operations as being the manufacture of gas on premises located at 418–420 West First Avenue, Menomonie, Wisconsin.

On the basis of the pleadings and theory of trial, plaintiff has elected to stand on the language of the policy. The action is not one for reformation of an instrument. This Court must therefore, look to the language of the contract and rules of construction applicable thereto in resolving the fact question of whether the loss sued for was covered by said policy.

The problem of construction is made more difficult because the record is not particularly helpful in resolving the issue of coverage. There is no evidence as to whether plaintiff or defendant added the typewritten rider attached to the first page of the policy. Fragmentary evidence is relied on by plaintiff as to the negotiations leading up to the issuance of the policy and the intent of the parties, together with evidence adduced by defendant as to premium rates on this type of risk.[2]

Plaintiff states the issue of the instant case as follows:

"The exceptions set forth above [in footnote 1] are not involved in the loss in question. Stripped of its verbiage the policy provides coverage to the plaintiff 'against loss * * * for damage caused * * * to * * * property of others * * * resulting * * * from explosion due to the business operations of the assured' ". The contract of insurance must be liberally construed.[3]

The site of the explosion was far removed from the "premises located" and specifically described in paragraph (b) as quoted in footnote 1. Following the use of the words "business operations" the premises so specifically described must be construed as a limitation beyond which "business operations" cannot be extended. The explosion obvi-

---

2. Plaintiff objects to the introduction in evidence of premium rates for this type of coverage claiming it is parol evidence attempting to vary the terms of the contract. However, it is somewhat persuasive that this company at the time in question did not write insurance of the type plaintiff thought it was securing. As defendant notes, this error, if one, might be chargeable to plaintiff's own insurance agent, but as previously stated, the evidence of plaintiff does not enlighten the court on this undeveloped feature of the case.

3. Plaintiff cites Klemmer v. Ohio Casualty Insurance Co., 188 Minn. 209, 246 N.W. 896; T. H. Mastin & Co. v. Standard Elkhorn Coal Company, 236 Ky. 482, 33 S.W. 2d 596; State ex rel. Mills Lumber Co. v. Trimble, 327 Mo. 899, 39 S.W.2d 355 and a note in 148 A.L.R. page 618. The

Mastin case [236 Ky. 482, 33 S.W.2d 598] is the most nearly in point discussing the feature of "business operations", but the policy in that case is quite different from the one in the instant case. In that case the specific location described included "all work in connection with and incidental to, the complete operation of a drift coal-mining plant" (and then naming certain geographic locations). The court in that case then held that an injury to an employee's wife growing out of an explosion in a home furnished to an employee was within the policy coverage because it was common knowledge that a mining company, because of remote location, had to furnish houses to its employees as part of conducting its business. But the form of the policy was much broader than in the instant case.

ously stemmed from the servicing performed by plaintiff's employee, and for that reason defendant argues that the exclusionary clause of the insurance contract which reads "this policy does not cover any claim for loss or damages due to explosions originating in service or street mains" applies to the instant case and was adopted for the purpose of limiting coverage.

Viewing the insurance contract in a manner most favorable to the assured and from the standpoint of the record in support thereof, I am of the opinion that the issues of fact pertaining to liability of defendant are entirely too doubtful under the evidence submitted to permit recovery by plaintiff. In other words, a finding of liability would be without adequate evidentiary support.[4]

Defendant may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Plaintiff is allowed an exception.

---

4. Bettinger v. Northwestern Nat. Cas. Co., 8 Cir., 213 F.2d 200, certiorari denied, 348 U.S. 856, 75 S.Ct. 80.