THE INTERSTATE MOTOR FREIGHT CORP. *v.* BEECHER.

(Decided October 21, 1929.)

*Messrs. Young & Young, Messrs. King, Ramsey & Flynn, Messrs. Dustin, McKeehan, Merrick, Arter & Stewart* and *Mr. C. M. Horn,* for plaintiff in error.

*Messrs. Rowley & Carpenter,* for defendant in error.

LLOYD, J.  The defendant in error, Mary Beecher, at the trial of an action commenced by her in the court of common pleas against the plaintiff in error, the Interstate Motor Freight Corporation, recovered a verdict of $7,500, upon which judgment was entered by the court.

The defendant, as plaintiff in error, now seeks to reverse this judgment.  The plaintiff is, by vocation, a teacher, and on August 25, 1926, and the day preceding, was attending the Huron County Teachers' Institute at Norwalk.  While there she visited at the home of Forrest Krespach and his mother, who, on the night of August 25th, were taking her in an automobile to her home near Wakeman.  She was seated with Mrs. Krespach in the rear seat of the automobile, which was being driven by Forrest Krespach.  While proceeding east on an intercounty

highway between Norwalk and Berlinville, the automobile collided with a truck and trailer, of which Herman Shamrock was driver, and which, at the time of the collision, was standing upon the improved portion of the highway, where it had been for some hours theretofore. Among other alleged facts, the plaintiff claimed that the defendant was a common carrier of freight; that Shamrock was in its employ, and that the truck and trailer were parked in violation of statute on the highway, without lights thereon, and with the right wheels thereof more than one foot from the edge of the pavement. The truck was owned by Shamrock, and the trailer was furnished by defendant, for the use of which Shamrock paid $100 per month, which sum was deducted by defendant from the amount earned by Shamrock on a per ton basis of freight hauled. The defendant contended that Shamrock was an independent contractor, for whose negligence, if he was negligent, defendant was not liable, and that no evidence was offered tending to prove that it was a common carrier.

The alleged errors on which the defendant relies for a reversal of this judgment are: First, that, without any evidence having been offered tending to show that the defendant was a common carrier, the trial judge not only charged upon that issue, but charged erroneously, in that, even if there had been such evidence, he incorrectly defined the term "common carrier"; second, that the giving to the jury before argument of the written instruction requested by plaintiff, as to the statute regulating the parking of vehicles on public highways, was incorrect and prejudicial; and, third, that the court erred in

unduly emphasizing the injuries claimed by plaintiff, by reciting them in detail in his instructions as to the measure of damages.

By its articles of incorporation, introduced in evidence, defendant was authorized: "to forward parcels, packages, merchandise, freight and goods of all descriptions between and within cities and towns in various parts of the United States and Canada, by means of horses, wagons, boats and automobiles, or other methods of transportation, and to store and pack the same, and to carry on generally the business of warehousemen, movers, storers and packers and carriers of personal property of every description, and to buy, sell, lease and hold all such real and personal property as may be necessary for conducting said business."

It must be assumed, in the absence of evidence to the contrary, that the defendant, in transporting personal property, was conducting the business prescribed by its charter, that of a common carrier. The word "generally" has a broad meaning, and, as used in these articles of incorporation, imports something more than engaging in the private carriage of goods. As defined by Webster it has various meanings:

"In a general manner; specif.: A. Collectively; as a whole; without omissions. Obs. B. Universally. C. For the most part; commonly; extensively, though not universally; most frequently. D. In a general way, or in a general relation; in the main; upon the whole; comprehensively."

There being no evidence to the contrary, the trial judge might have expressly instructed the jury that the evidence disclosed the defendant to be a common

carrier. This being so, the correctness of his definition of a common carrier becomes immaterial.

If, then, as the record under review shows, defendant was in fact a common carrier at the time of the collision, and it intrusted to Shamrock a part of its duties as such, and Shamrock was negligent in the performance thereof, proximately causing injuries to plaintiff, defendant is answerable therefor. *Liberty Highway Co.* v. *Callahan, Admx.*, 24 Ohio App., 374, 157 N. E., 708.

In passing it may be suggested that whenever it becomes necessary for a trial judge to define the term "common carrier" it would be preferable to use the definition given in *Hissem* v. *Guran,* 112 Ohio St., 59, 146 N. E., 808; *Breuer* v. *Public Utilities Commission,* 118 Ohio St., 95, 160 N. E., 623, and in *Motor Freight, Inc.,* v. *Public Utilities Commission,* 120 Ohio St., 1, 165 N. E., 355.

The written instruction, to the giving of which exceptions were taken by the defendant, reads:

"Ladies and Gentlemen of the Jury, I say to you, as a matter of law, that the defendant, except in case of an emergency, did not have the right to permit its truck and trailer to stand upon the highway at and immediately before the collision, in such a position that the front and rear or right wheels of said truck and the front and rear or right wheels of said trailer were within one foot of the right edge of the travelled portion of said highway, and that it did not have the right to permit such trailer to remain upon the travelled portion of said highway so as to obstruct a free passage of the road, and if you find it did permit its truck and trailer to remain upon said highway contrary to its duty herein defined,

then it was guilty of negligence as a matter of fact."

This request related to but one of the issues made by the pleadings, that of the alleged negligence of the defendant, and was based upon Section 6310-27, General Code, which provides:

"No vehicle shall stop on any road or highway, except with front and rear right wheels within one foot of the right hand side of the improved portion of the road, nor in any such way as to obstruct a free passage of the road; provided that nothing in this section shall be held to apply whenever a driver of a vehicle is compelled or permitted to stop by reason of other lawful regulations, or emergency."

In his general charge, the court read this statute to the jury, saying in conjunction therewith:

"Plaintiff claims that the defendant upon the occasion in question violated said statute in that it stopped said truck and trailer and permitted the same to stand upon said highway, with its right wheels more than one foot to the left of the right edge of the improved portion of said highway. If the defendant at said time did violate said statute, that would constitute negligence *per se,* that is, negligence as a matter of law."

These two instructions were diametrically opposite in effect, and, when construed together, prohibited entirely the stopping of a vehicle on a road or highway under any circumstances; the written instruction being that "the front and rear or right wheels" of a vehicle stopping on a highway *must not* be within one foot, and the general charge, that they *must be* within one foot of the edge, or, in the words of the statute, "within one foot of the right hand * * * portion of the road." Construing the instruc-

tions as one, the jury in effect was told that the truck and trailer were at the time in question unlawfully upon the highway, and that permitting them to be there was negligence. Obviously the jurors were left in the dark as to what the law was on this subject. Either they must accept these instructions as nullifying each other, or determine for themselves which of them they would choose to apply to the facts in evidence. We may speculate on the thought that some of the jurors may have owned automobiles and knew what the law is as to parking on a road or highway, but none of them may have owned a truck and all of them may have concluded the law to be different as to trucks and trailers. They, of course, had the written instruction with them in the jury room, and nobody but themselves can say what their mental reaction was with respect to these conflicting instructions, nor what, if any, conclusion they reached on this phase of the case. Although it is clear that this special instruction was prepared and given through inadvertence, it is none the less prejudicial and reversible error.

In stating the issues made by the pleadings, the judge read to the jury the injuries to plaintiff, as narrated in her petition, and in his charge to the jury on the measure of damages again so enumerated them. Since the court so charged the jury, we assume that the evidence tended at least to prove each and all of these injuries, and, the jury being thereby advised thereof, it seems to us that this was unnecessarily emphasizing plaintiff's alleged injuries, and that the jury, always seeking to discern, and sensitive to the opinion of the judge, might erroneously have inferred that he considered the in-

juries extraordinarily serious and desired the jury to so understand. The list of alleged injuries was long, and, although we cannot say that to so charge the jury was prejudicial error in the instant case, we are of the opinion that, generally speaking, such practice should be avoided.

Because of the error to which attention has been called, the judgment is reversed, and the action remanded to the court of common pleas for further proceedings according to law. There are no other errors in the record prejudicial to plaintiff in error.

*Judgment reversed.*

WILLIAMS and RICHARDS, JJ., concur.