WERNER TRANSP. CO. v. DEALER'S TRANSPORT CO. et al.

SORENSEN v. DEALER'S TRANSPORT CO. et al.

Civ. Nos. 409, 410.

United States District Court
D. Minnesota, First Division.

Dec. 18, 1951.

M. Arnold Lyons, of Minneapolis, Minn., for plaintiffs.

G. P. Mahoney, of Minneapolis, Minn. (Mahoney, Morrison & Cragg, of Minneapolis, Minn., of counsel), for Dealer's Transport Co.

Roy J. Mordaunt (of Mordaunt and Mordaunt), Minneapolis, Minn., for Clark Transport Co.

Harold J. Carroll, of Minneapolis, Minn. (Carroll & Thorson, of Minneapolis, Minn., of counsel), for Henry R. Beezley.

NORDBYE, Chief Judge.

█ The Court is of the opinion that the jury were instructed properly when they were charged that, if there was actionable negligence on the part of the defendant Beezley, all of the defendants jointly and severally would be responsible for such negligence. Under the evidence, not only was Beezley acting as agent for both companies in a joint enterprise in which both of them participated in the returns of the venture, but Dealer's Transport Company and Clark Transport Company were operating in this venture as common carriers under permission of the Interstate Commerce Commission. Beezley owned a tractor which he leased to Dealer's. He also was employed as an employee of Dealer's and drove the leased tractor with a trailer belonging to that company. Dealer's procured a contract to convey a shipment of automobiles from Chicago to Huron, South Dakota. However, the permit of Dealer's as a carrier from the Interstate Commerce Commission ended at Milwaukee, Wisconsin. Thereupon, in order to carry out its contract, Dealer's entered into a trip lease with Clark so as to utilize the Interstate Commerce Commission's right of that company as a carrier to complete the shipment from Milwaukee, Wisconsin, to Huron, South Dakota. The shipment proceeded from Chicago and Milwaukee under the Interstate Commerce Commission authority which was granted to Dealer's, and from Milwaukee it was to proceed to Huron, South Dakota, under the Interstate Commerce Commission authority granted to Clark. Placards noting that the tractor and trailer were leased by Clark were affixed to the tractor and trailer at Milwaukee just before the shipment proceeded on the route allocated to Clark. The accident happened near Winona, Minnesota, which is between Milwaukee, Wisconsin, and Huron, South Dakota. Under such circumstances, Dealer's is not excused by the fact that it was operating through an independent contractor so-called at the time of the accident, and under the better reasoned decisions the principle is fully sustained that both transport companies are liable for the negligence of the driver. Hodges v. Johnson, D.C.W.D.Va. 1943, 52 F.Supp. 488; Venuto v. Robinson, 3 Cir., 1941, 118 F.2d 679, certiorari denied, C. A. Ross, Agent, Inc., v. Venuto, 314 U.S. 627, 62 S. Ct. 58, 86 L.Ed. 504; War Emergency Co-op Ass'n v. Widenhouse, 4 Cir., 1948, 169 F.2d 403, certiorari denied 335 U.S. 898, 69 S.Ct. 300, 93 L.Ed. 433; Kemp v. Creston Transfer Co., D.C.Iowa 1947, 70 F.Supp. 521; Bates Motor Transport Lines, Inc., v. Mayer, 1938, 213 Ind. 664, 14 N.E.2d 91; Barry v. Keeler, 1947, 322 Mass. 114, 76 N.E.2d 158; Cotton v. Ship-By-Truck Co., 1935, 337 Mo. 270, 85 S.W.2d 80;

State ex rel. Algiere v. Russell, 1949, 359 Mo. 800, 223 S.W.2d 481; Duncan v. Evans, 1938, 134 Ohio St. 486, 17 N.E.2d 913; Liberty Highway Co. v. Callahan, 1926, 24 Ohio App. 374, 157 N.E. 708; Interstate Motor Freight Corp. v. Beecher, 1929, 37 Ohio App. 23, 174 N.E. 27; Stickel v. Erie Motor Freight, Inc., 1936, 54 Ohio App. 74, 6 N.E.2d 15; Kissell v. Motor Age Transit Lines, Inc., 1947, 357 Pa. 204, 53 A.2d 593; Emerson v. Park, Tex.Civ.App. 1935, 84 S.W.2d 1100, error dismissed.

The only question which may suggest a somewhat detailed discussion is the alleged error in the instruction of the Court when the jury were charged regarding defendants' claim of contributory negligence on the part of Sorensen, the deceased driver of the Werner truck, as follows: "Sorensen, as the evidence disclosed, is deceased and he is not here to tell his story as to what took place. A person who is killed in an accident is presumed to have acted with due care to insure his own safety. That is the presumption, or more accurately, the inference of due care that the law gives to one who is killed in an accident in that he is not here to testify for himself. Sorensen is entitled to the benefit of that inference of due care. That inference of due care, however, disappears when there is evidence of the care the decedent did take or omitted to take to avoid death, because when such evidence appears you must determine the fact whether Sorensen used due care or was negligent upon the evidence received without the aid of such presumption or inference. And it will be for you to say whether or not Sorensen did fail to exercise reasonable care, and if defendants have established the burden of proving contributory negligence, then there can be no verdict for the plaintiffs in this case, neither on the part of Werner nor on the part of Mrs. Sorensen as Administratrix, because contributory negligence, if established, would be a complete defense to both claims."

Defendants rely principally upon the teachings of Ryan v. Metropolitan Life Ins. Co., 206 Minn. 562, 289 N.W. 557. Judge Stone, who wrote the Ryan decision was discussing the presumption against suicide and took pains to say, 206 Minn. at page 567, 289 N.W. at page 560, "We are now not only in the field of rebuttable presumptions, so-called. We are also within the restricted area of presumption against suicide. So our decision concerns no other although of necessity discussion and implication cannot be so limited."

He made clear that such a presumption is not evidence; that it is not something to which a jury may attach probative force; that when it arises it is one of law and not of fact, and in that it is not evidence upon which the jury may attach probative force, it should not be given as an instruction to the jury. He emphasized that a jury should not attach "evidentiary value to that which is not evidence." 206 Minn. at page 569, 289 N.W. at page 561. However, he did recognize that there were situations where it might be proper to instruct the jury as to the effect to be given to such presumption, stating, 206 Minn. at page 570, 289 N.W. at page 561: "In all this we do not mean to say that in a proper case it would be error for a judge to instruct, in his discretion, that in one possible condition a presumption would control. To illustrate, the evidence of suicide may consist wholly of testimony which the jury may discredit. In such a case it woud be proper to charge them that, if they did reject all such evidence as incredible, it would be their duty to find the death accidental. That would be by reason of the presumption, as a rule of law, operating on unopposed facts. The discredited evidence rejected, the presumption is brought into operation, not as evidence, but as law controlling decision. And that is just the function that a judge, trying the case without a jury should give a presumption."

After the Ryan decision, the Minnesota Supreme Court in several cases had occasion to discuss the propriety of instructing the jury as to the presumption of due care as to the deceased in a negligence case. In Lang v. Chicago & N. W. R. Co., 208 Minn. 487, 494, 295 N.W. 57, 61, which was decided after the Ryan case, it appears that the court charged the jury as follows: "She is dead. One who loses his

life in an accident is presumed to have exercised due care for his safety. The presumption is comparable to that of right conduct, every person is presumed to do what is right, but this presumption of due care on the part of the deceased may be overcome by ordinary proof by the greater weight of the evidence that due care was not exercised by her."

Judge Holt, who wrote the Lang decision, stated in commenting upon this instruction, 208 Minn. at page 495, 295 N.W. at page 61, "The instruction is technically incorrect in that the jury may understand therefrom that the presumption is the equivalent of evidence which defendant must meet and overcome, instead of charging that the presumption of due care vanishes when there is evidence of the care the decedent did take or omitted to take to avoid death, for when such evidence appears the jury must determine the fact, whether decedent used due care or was negligent, upon the evidence received without aid of or resort to the presumption. The function of legal presumptions is sufficiently treated in Ryan v. Metropolitan Life Ins. Co., 206 Minn. 562, 289 N.W. 557, where was involved the presumption against suicide."

In Duff v. Bemidji Motor Service Co., 210 Minn. 456, 462, 299 N.W. 196, 199, the court did state: " * * * Now, under the rule of Ryan v. Metropolitan Life Ins. Co., 206 Minn. 562, 289 N.W. 557, neither that presumption, nor any other in the category of rebuttable presumptions, should be given to the jury in a civil case."

But it may be pointed out that this statement was mere dictum in that the court was not considering any charge to the jury as to presumptions.

Then we come to the case of Bimberg v. Northern Pacific R. Co., 217 Minn. 187, at page 197, 14 N.W.2d 410, at page 415, in which the court instructed the jury as follows: " * * * There is a *presumption of law*, however, that the decedent, that is, Clifford Bimberg, was in the exercise of due care at the time of the accident. And that presumption of law exists because the man is dead and cannot appear in court to testify what happened at the time of the accident as far as his story is concerned."

The Supreme Court held that this instruction "was a correct statement of the law as announced in the Ryan case", and then went on to say, 217 Minn. at page 197, 14 N.W.2d at page 415, " * * * It is common practice for trial courts to state propositions of law to a jury, and not uncommon for them to refer to the presumption of due care on the part of a party charged with negligence. Granted that under the rule of the Ryan case a trial court, in its discretion, may decline to refer to the presumption of due care on the part of a decedent because it is a presumption of law rather than one of fact, the giving of such instruction without objection on the part of either party cannot taint the jury's verdict with error."

The fact that the instruction was given without objection does not militate against the significance of the language the court used in approving the form of the instruction.

Later, the Supreme Court of Minnesota in Moeller v. St. Paul City Railway Co., 218 Minn. 353, 360, 16 N.W.2d 289, 294, 156 A.L.R. 371, was required again to indicate its views on the question of the presumption of due care on the part of a deceased in a negligence case, stating, " * * * The jury in the instant case was instructed that the presumption of due care on decedent's part was one of law and that the presumption vanished if there was direct proof or if there were facts and circumstances which led to the conclusion that due care was not in fact exercised by him. We have recently held in Bimberg v. Northern Pacific Ry. Co., 217 Minn. 187, 198, 14 N.W.2d 410, 415, that, even though the presumption is one of law and not of fact, the giving of such an instruction is not inconsistent with the rule laid down in the Ryan case and does not 'taint the jury's verdict.' "

True, the Court also referred to the fact that the instruction was not reversible error because it did not differ substantially from one of defendant's requests, but the court explicitly stated that the giving of such an

instruction was not inconsistent with the rule laid down in the Ryan case.

After the Moeller case, the court in Donea v. Massachusetts Mutual Life Ins. Co., 220 Minn. 204, 213, 19 N.W.2d 377, 382, considered an action to recover on a life insurance policy where proof of the insured's death consisted not of direct evidence of the fact, but of presumption of death arising from the insured's unexplained absence for seven years without any news of him. In commenting upon the presumption of death through absence, the court stated: "In short, where there is evidence to justify a finding of the basic facts which give rise to a presumption of a fact, but none contrary to the presumed fact, the jury should be instructed that, if it finds the basic facts, the presumed fact must be taken as true. Where there is evidence justifying a finding contrary to the presumed fact, the judge should say nothing about the presumption, since it is then out of the case, and should leave it to the jury to find the existence or non-existence of the presumed fact upon all the evidence exactly as if there never had been a presumption at all."

The latest expression of the Supreme Court of Minnesota regarding the matter which has been called to my attention is found in Ammundson v. Falk, 228 Minn. 115, 36 N.W.2d 521, 525, 7 A.L.R.2d 1318. There, a car driven by defendant's intestate crashed into the rear of the Ammundson car. The Ammundsons brought an action for damages and the defendant counterclaimed, seeking damages on account of the death of the driver of defendant's car. Under these circumstances, the lower court refused to submit the presumption of due care as it related to the deceased driver's alleged contributory negligence which was a defense asserted by the Ammundsons with reference to defendant's counterclaim. On appeal, the Supreme Court referred to the Ryan case and to Duff v. Bemidji Motor Service Co., 210 Minn. 456, 299 N.W. 196, and also to Donea v. Massachusetts Mutual Life Ins. Co., 220 Minn. 204, 213, 19 N.W. 2d 377. Then the Court referred to defendant's contention that "where the evidence as to decedent's alleged contributory negli-

gence is *in equilibrio* or the jury disbelieves it, and that in such a situation the presumption would compel decision that the deceased was not guilty of contributory negligence," and cited the language from the Ryan case, 206 Minn. 562, 570, 289 N.W. 557, 561, which has heretofore been set forth herein. But in answer to the contention of the defendants, the court went on to state at page 122 of 228 Minn., at page 525 of 36 N.W.2d: "In Moeller v. St. Paul City Ry. Co., 218 Minn. 353, 16 N.W.2d 289, 156 A.L.R. 371, we held that, where the jury by its verdict showed that it rejected the testimony of the only eye witness as to decedent's conduct, the presumption of due care on decedent's part prevailed. Here, the situation is the converse of that in the Moeller case. If it be conceded, as it is contended here, that such an instruction should be given under the circumstances mentioned in the quotation from the Ryan case, supra, refusal to give it here did not prejudice defendants, for the reasons that the burden of proof was on plaintiffs to establish, both as to their causes of action and as to their defenses to the counterclaim for wrongful death, that decedent was negligent, and that the jury by its verdict showed that it adopted the version of plaintiffs' witnesses, thereby establishing that it affirmatively found as a fact that decedent was negligent and that plaintiffs were not. See, Ralston v. Tomlinson, 207 Minn. 485, 292 N.W. 24; Peterson v. Minnesota Power & Light Co., 206 Minn. 268, 288 N.W. 588. Under such circumstances the presumption was overcome, and its submission to the jury would have amounted to authorization for the jury to consider it as evidence—a makeweight in favor of defendants, which it clearly was not. See, Ryan v. Metropolitan Life Ins. Co., supra."

In the instant case, however, we have a comparable situation to that which the court in the Ammundson case referred to when it commented upon the situation in the Moeller case. The jury's verdict herein, in light of the Court's instructions, clearly indicates that they rejected the evidence of Sorensen's alleged contributory negligence. The evidence as to the contributory negligence of Sorensen was en-

tirely circumstantial and the jury may well have found that it was of questionable probative value. There were no eyewitnesses whatsoever to the accident. Beezley, the driver of the defendants' truck, did not see the Werner truck before the accident. He testified that he could not remember definitely that he saw the Werner truck because his eyes were riveted to the right-hand side of the road so as to keep his truck close to the right edge of the pavement, and that the first he knew of the accident was when there was a crash. There was some evidence of marks on the highway that the jury might conclude were material in determining whether they were made by Sorensen and whether he was on the wrong side of the road at the time or immediately before the accident. And there may have been certain physical facts that the jury might have considered in determining whether Sorensen was guilty of contributory negligence. But if such evidence was found to be of no probative value as to Sorensen's contributory negligence, there would be an utter absence of any facts upon which Sorensen could be charged with contributory negligence and the presumption of law that he exercised due care would necessarily prevail. And one must conclude that the jury rejected the probative value of such physical circumstances because of the verdict that they returned. This seems to be a reasonable inference in that the Court made it clear to the jury that if there was any evidence in the case as to whether Sorensen exercised due care, they were required to determine the fact of contributory negligence without the aid of any inference or presumption of due care on Sorensen's part. There was nothing in the Court's charge which was inconsistent with the teachings of the Ryan case that the presumption is one of law rather than of fact. The charge, therefore, is not contrary to the teachings of the Supreme Court of Minnesota in the Moeller and Lang cases. It may be noted that this Court followed Judge Holt's approved instruction in the Lang case as to the presumption of due care.

And a fair construction of the evidence would seem to impel a finding that Beezley was on the wrong side of the road at the time the accident happened and that Sorensen in operating the Werner truck did everything possible to avoid the collision to the extent of veering so far off to the right that a long row of guide posts on the right side were demolished by the Werner truck in attempting to avoid the collision. The physical facts of the accident fully warranted the jury in finding that Beezley was guilty of negligence and that Sorensen was free from any contributory negligence.

Moreover, the Court's charge is entirely compatible and consistent with the views of the Eighth Circuit in Chicago & N. W. R. Co. v. Grauel, 1947, 160 F.2d 820, 825, where the court stated:

"Appellant also assigns error in the following portion of the court's charge: 'In other words, the care in each case must be commensurate with the risks of the situation and the capacity of the participants, and I might tell you that there is a presumption in law in death cases that the deceased exercised due care for his own safety. This presumption may be refuted or rebutted by evidence which destroys the force of the presumption.'

"Appellant contends that the court attributed to the presumption of due care by a deceased for his own safety 'the probative force and weight of affirmative evidence, notwithstanding there was substantial evidence tending to explain the actual occurrence'. See Wabash R. Co. v. De Tar, 8 Cir., 141 F. 932, 939, 4 L.R.A.,N.S., 352. One answer to this assignment appears in that part of the challenged instruction which told the jury that the presumption was refuted by evidence which destroyed its force. Another is that there was not, as appellant contends, any evidence, substantial or otherwise, to show with certainty the actual occurrences at the moment of the collision in which Grauel met his death. All that is known is that Grauel was caught and crushed between two colliding cars while presumably in the exercise of ordinary care for his own safety. What happened at the moment of impact between the cars, what Grauel was doing or attempting to do immediately before or at the instant of the collision can not be definitely known. In

these circumstances, the presumption that he was in the exercise of due care for his own safety prevails, and may be properly taken into consideration by the jury in determining the question whether under the evidence the engine crew whose actions were known were guilty of negligence in the handling of the cars on the stock track."

And the Court of Appeals for the Eighth Circuit refers to the case of Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 34, 64 S.Ct. 409, 412, 88 L.Ed. 520, in which the Court stated in referring to the evidence as to the manner in which the deceased met his death, "To this evidence must be added the presumption that the deceased was actually engaged in the performance of those duties and exercised due care for his own safety at the time of his death."

■ Apparently there is no uniformity among the state trial courts in their attempt to follow the Ryan case. Merely referring to the presumption as one of law rather than one of fact when the presumption is mentioned to the jury does not follow the teachings of the Ryan case, nor does it make it clear to the jury that the presumption is not evidence and that it is a presumption to which probative force does not attach. The Supreme Court of Minnesota in negligence cases involving wrongful death has evidently been hesitant to follow the strict literal rule promulgated in the Ryan case. It is interesting to note that Judge Stone in the Ryan case [206 Minn. 562, 289 N.W. 560] refers to a rebuttable presumption as "a mere 'procedural device' for allocation of the burden of going on with evidence." Whether, therefore, this Court is bound to follow the Minnesota decisions rather than the rule of evidence approved by the Eighth Circuit in the Grauel case need not now be determined. Suffice it to say, if it should be held that the Court should not have referred to the presumption of due care under the circumstances herein, the substantial rights of the defendants have not been affected by any such error and the showing will not justify a vacation of the jury's verdict. It is inconceivable that any prejudice could have resulted from the form of instructions given herein. It must be emphasized that the jury were not told that the presumption had any evidentiary value, or that it could only be refuted or rebutted by other evidence. As a practical matter, when the jury were told that they could consider the presumption of due care only if there was an absence of any evidence as to Sorensen's care, or lack of care, the instruction was tantamount to informing the jury that if there was no evidence of contributory negligence, defendants had failed to sustain the burden of proof resting upon them and that that defense must fail. To attach any other import to the language in the charge is to read into the instruction something that is not there.

 The verdict of the jury, in the opinion of the Court, is amply sustained by the evidence. Substantial justice has been done between the parties and the verdict should not be disturbed. If any error has occurred in the Court's instructions it was harmless error. See Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A.

It follows, therefore, that the motions must be, and the same hereby are, in all things denied. It is so ordered. An exception is allowed.