## UNITED STATES v. ROBERTS.

### Civ. A. No. 10192.

United States District Court
W. D. Pennsylvania.

Feb. 8, 1952.

David R. Levin, Chief Atty., Pittsburgh Area Rent Office, Pittsburgh, Pa., for plaintiff.

Allen N. Brunwasser, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before this court on a complaint filed by the United States of America pursuant to the Federal Housing and Rent Act of 1947, as amended, 50 U.S. C.A.Appendix, § 1881 et seq., alleging that the defendant violated the Act and the regulations issued thereunder in that he threatened and attempted to bring about the removal of the tenant from housing accommodations covered by the Act by making the premises uninhabitable.

A temporary restraining order was issued by the Court and served upon the defendant. Hearing on the prayer of the plaintiff for a preliminary injunction was begun on January 8, 1952 and concluded on January 11, 1952. It was stipulated in open court between counsel for the parties that the hearing on preliminary injunction should be treated as a final hearing in the case and that the testimony taken in said hearing shall be treated as taken on final hearing.

Government contends that defendant had engaged in a course of conduct designed to bring about the unlawful removal of the tenant from the premises by indirect means through making the premises uninhabitable for lack of heat and other facilities. This action, after previous attempts by the owner to obtain possession from the tenant through the Area Rent Office, was rejected for bad faith and for the additional reason that the owner had failed to submit evidence to met the requirements of the Regulation where eviction of three tenants in the structure was sought upon the alleged ground of substantial alterations and remodeling.

The issue for determination is whether a District Court has authority and jurisdiction to order the defendant to provide adequate heating facilities in the premises in order to comply with his obligations under the Federal Housing and Rent Act and the regulations promulgated thereunder.

Section 206(b) of the Federal Housing and Rent Act of 1947, as amended, provides: "Whenever in the judgment of the President any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provisions of this Act, or any regulation or order issued thereunder, the United States may make application to any Federal, State, or Territorial court of competent jurisdiction for an order enjoining such acts or practices, *or for an order enforcing compliance with such provision,* and upon a showing that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, *or other order* shall be granted without bond." (Italics supplied.)

The authority of the President as set forth in the above quotation has been delegated by various executive orders to the Director of the Office of Rent Stabilization who was formerly known as the Housing Expediter in the 1950 version of the Act. (The change in the name of the agency and the title of its director results from the fact that the Office of the Housing Expediter has been incorporated, by the Defense Production Act of 1951, as one of the constituent agencies of the Economic Stabilization Agency which, in turn, is under the authority of the Defense Mobilizer who, in turn, derives his authority from the President.)

The above quoted wording is identical with the corresponding provision of the Emergency Price Control Act, 50 U.S.C.A. Appendix, § 901 et seq., under which Rent Control was administered prior to the enactment, in 1947, of the Housing and Rent Act.

■ The United States Supreme Court has recognized the authority of the Housing Administrator to invoke the jurisdiction of the District Court to enjoin acts and practices made illegal by the Act and to enforce compliance with the Act. Such jurisdiction is equitable.

Unless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of that jurisdiction and since the public interest is involved in a proceeding of this nature, those equitable powers assume an even broader and more flexible character than when only a private controversy is at stake. Power is thereby resident in the District Court, in exercising this jurisdiction, to do equity and to mould each decree to the necessities of the particular case. Porter v. Warner Holding Company, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

■ District Courts in various parts of the country have ruled that an affirmative, mandatory order requiring a landlord to repair or replace heating facilities or other equipment which he is obligated to provide with housing accommodations in return for the maximum legal rent, is within the jurisdition of such Courts and such orders have been made. Woods v. Loab Estates, Inc., D.C., 81 F.Supp. 768; U. S. A. v. Claude J Gallagher,[1] District Court of the U. S. for District of Minnesota, Third Division, No. 1911 Civil; Woods v. Mary L. Markey,[1] District Court of the U. S. for District of Minnesota, Fourth Division, No. 2899 Civil; Woods v. Thomas R. Ross and Robert Ross,[1] District Court of the U. S. for District of Massachusetts, No. 7769 Civil; Woods v. W. M. Bell and Van Court Rental Agency,[1] District Court of the U. S. for Western District of Tennessee, No. 1410 Civil.

■ To deny a family livable quarters through artifice and indirection is tantamount to an illegal eviction. I cannot permit any legal niceties to explain away the grim reality of a family exposed to cold and sickness, and the accompanying peril which such circumstances pose to the community.

If a landlord can dismantle the heating facilities of a dwelling with impunity, what

1. No opinion for publication.

is to prevent him from removing the doors or windows, or ripping out the steps up which the tenant must pass?

The weight of the testimony, and the inferences to be drawn therefrom, has convinced me that the defendant adopted a systematic scheme to oust the tenant in violation of the Federal Housing and Rent Act of 1947, as amended, and the Regulations promulgated thereunder.

It might be well to state that the defendant's financial condition was such that he would not have suffered any financial embarrassment in making the necessary repairs to said furnace instead of dismantling and removing the heating unit, and it goes without saying that the housing unit would not be habitable without appropriate heating facilities.

The Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Plaintiff invokes the jurisdiction of this Court under sub-section (b) of Section 206 of the Federal Housing and Rent Act of 1947, as amended.

2. The defendant, Clifford A. Roberts, has engaged in or is about to engage in acts and practices, more specifically hereinafter recited, which acts and/or practices constitute or will constitute a violation of Section 206(a) of the said Act.

3. At all times material hereto there has been and is now in full force and effect the Controlled Housing Rent Regulation, hereinafter referred to as the "Regulation," which prescribes the maximum rents and the minimum services for the use or occupancy of housing accommodations in the Pittsburgh Defense-Rental Area. Said Regulation has been in full force and effect during all of the times involved in this action and continues in effect at the present time.

4. Section 3 of the Regulation provides that "Every landlord shall, as a minimum, provide with housing accommodations the same living space and the same essential services, furniture, furnishings and equipment as were provided on the date determining the maximum rent."

5. The defendant is and, at all of the times material hereto, was the owner of housing accommodations known as Second Floor Front Apartment, 94 Crafton Avenue, Crafton, Pittsburgh 5, Pennsylvania, which housing accommodations are subject to the provisions of the Act and the Regulation.

6. The aforesaid housing accommodations were rented by the defendant to the tenant, Peter R. Kazimer, who is in occupancy of the aforesaid premises and has at all times paid or offered to pay, and continues to pay to the defendant the maximum legal rent for the said housing accommodations.

7. Under the said Act and Regulation, the maximum legal rent for the premises occupied by the tenant, Kazimer, included therein equipment for central heating of the premises in the form of a furnace.

8. The defendant had permitted said furnace to reach such a state of disrepair as to render it unsafe and dangerous to use in the premises.

9. An inspection of the premises was made by duly authorized representatives of the Office of the Fire Marshal of Allegheny County, Pennsylvania, who notified the defendant under date of July 18, 1951, of the general bad condition of the premises and specifically that "this furnace to be repaired and put in a safe condition or a new furnace installed * * * the condition of this building in general is bad and dangerous due to your negligence and failure to keep building in an adequate state of repair," and defendant was given thirty days to correct the conditions.

10. The defendant failed to comply with the notice from the Fire Marshal dated July 18, 1951, and with a further warning from the Fire Marshal dated September 5, 1951.

11. On or about September 1951, the defendant did enter the premises at 94 Crafton Avenue and did dismantle a furnace in the premises without repairing the same and without replacing same.

12. The equipment for supplying adequate and sufficient heat is necessary and essential in order that the premises involved

herein be habitable as housing accommodations.

13. The action of the landlord in dismantling the furnace and in failing to repair or replace the same constituted a wilful violation of the Act and Regulation.

14. The defendant has failed to respond to requests from the Pittsburgh Area Rent Office to restore the central heating equipment in .the premises concerned herein, which equipment he is obligated to provide under the Act and Regulation.

15. The defendant has previously violated the Act and Regulation with respect to the subject premises and the above named tenant, in that he demanded and received from the tenant more than the legal maximum rent for the premises, and that a decree was entered against him at a proceeding in this Court at Civil Action File No. 9011, which decree was consented to by defendant's attorney, requiring the defendant to refund to the tenant within a period of 180 days from the date of said Order the sum of $364, and said decree also contained a general injunction against the defendant against further violations of the Act and Regulation.

16. The defendant has attempted on several occasions and on various grounds to bring about the removal of the tenant from the premises upon applications to the Area Rent Office, which such applications were denied and which actions were unappealed from, or, if appealed from, the action of the Area Rent Office was sustained by proper administrative authority.

17. The action of the defendant in dismantling the furnace in the subject premises and failing to repair or replace the same is calculated to bring about the removal of the tenant by making the premises uninhabitable and appears to be part of a course of conduct on the part of the defendant designed to bring about the removal of the tenant because of action which he, the tenant, had a right to take under the Act and Regulation, and such course of conduct constitutes a violation of Sections 206(a) (2) and subsection (h) of the Act.

18. In addition to the unit occupied by the above named tenant at the premises at 94 Crafton Avenue, there are at least two other housing units in the structure at that address presently unoccupied, and defendant is the owner of 96 Crafton Avenue, the other side of the subject premises, wherein he rents housing accommodations to several tenants; furthermore, he is the owner of housing accommodations subject to rent control and rented to several tenants at another location on Division Street.

19. The defendant has shown an inclination to violate the Act and Regulation in other respects, in that he failed and refused, upon numerous requests of the Area Rent Office to file a registration for the apartment occupied by the tenant, Kazimer, at 94 Crafton Avenue, when the same was first rented to this tenant in its present form.

### Conclusions of Law

1. That this Court has jurisdiction of the parties to and the subject matter of this action by virtue of Section 206(b) of the Federal Housing and Rent Act of 1947, as amended.

2. That the defendant, Clifford A. Roberts, has wilfully engaged and is about to engage in acts and practices which constitute and will constitute a violation of Section 206(a) and (h) of the said Act, with respect to the premises at 94 Crafton Avenue, Pittsburgh 5, Pennsylvania, occupied by the tenant, Peter R. Kazimer, and in other respects and may engage in such practices with respect to other housing accommodations subject to the Act and the Controlled Housing Rent Regulation which the defendant rents to tenants.

3. That the action of the defendant in dismantling the furnace in the structure at 94 Crafton Avenue is a wilful violation of the Act and Regulation and is calculated to circumvent the said Act and Regulation, which action should be enjoined.

4. An injunction should be granted against the defendant, Clifford A. Roberts, requiring him to restore, or install within ten days, heating equipment in the premises occupied by the tenant, Kazimer, of 94 Crafton Avenue, so that it may be safely used for heating the premises adequately,

sufficient to maintain the health and well being of said tenant.

5. As to the premises in question, the aforesaid injunction shall further enjoin and restrain the defendant, Clifford A. Roberts, his agents, servants, employees and all persons in active concert or participation with him generally from directly or indirectly violating the Federal Housing and Rent Act of 1947, as amended or superseded, and the Controlled Housing Rent Regulation issued thereunder, as amended or superseded.

6. That the decree to be entered against the defendant Clifford A. Roberts, shall require him to pay the costs of this proceeding. ·

An appropriate order is entered.