**DEALER'S TRANSPORT CO. et al. v. WERNER TRANSP. CO.**

**DEALER'S TRANSPORT CO. et al. v. SORENSEN.**

**Nos. 14583 to 14588.**

United States Court of Appeals Eighth Circuit.

April 17, 1953.

550

G. P. Mahoney, Minneapolis, Minn. (Mahoney, Cragg & Barnett, Minneapolis, Minn., on the brief), for appellant Dealer's Transp. Co.

Roy J. Mordaunt, Minneapolis, Minn. (Mordaunt & Mordaunt, Minneapolis, Minn., on the brief), for appellant Clark Transport Co.

Harold J. Carroll, Minneapolis, Minn. (Carroll & Thorson, Minneapolis, Minn., on the brief), for appellant Henry R. Beezley.

M. Arnold Lyons, Minneapolis, Minn. (Robins, Davis & Lyons, Minneapolis, Minn., on the brief), for appellees.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

THOMAS, Circuit Judge.

An accident occurred on U. S. Highway No. 61 in Winona County, Minnesota, about 1:30 or 2:00 o'clock in the early morning of February 9, 1951. The highway runs in a northerly and southerly direction along the west side of the Mississippi river in Minnesota. A tractor-trailer combination consisting of a tractor owned by Werner Transportation Company and a trailer in its possession as bailee was being operated over the highway in a southerly direction by its employee Roy N. Sorensen when it collided with another tractor-trailer going north driven by Henry R. Beezley as the servant or agent of Dealer's Transport Company and/or Clark Transport Company at a point about four miles south of the town of Lamoille, Minnesota. Both vehicles and their cargoes were damaged or destroyed. Sorensen was killed and Beezley was injured.

The resultant litigation in the district court was followed by the appeals here for consideration. Two cases were commenced in the district court. In the first case the Werner Transportation Company as plaintiff alleged that the collision was the proximate result of the negligent conduct of Beezley as the servant and agent of the Dealer's Transport Company and the Clark Transport Company and damages in the amount of $12,400 were asked against each of them. The defendants answered denying negligence on the part of Beezley and alleging that the collision was the result of the negligence or contributory negligence of Sorensen; and Beezley filed a counterclaim for $3,750.

The second case is an action brought by Margaret Sorensen as Special Administratrix of the estate of Roy N. Sorensen, deceased, against Dealer's Transport Company, Clark Transport Company and Henry R. Beezley, alleging that her decedent's death was caused by the negligence of Beezley when acting as agent for the two transport companies. She prayed for judgment in the amount of $10,000. The defendants answered denying that the accident was the result of Beezley's negligence, but was the result of the negligence of Sorensen. The transport companies denied that Beezley was their agent in the operation of the tractor-trailer, and Beezley filed a counterclaim for $7,350.

By agreement of the parties the cases were consolidated and tried to a jury. At the conclusion of the evidence the defendants each moved for a directed verdict in its favor, and the motions were denied.

In the first case the jury returned a verdict for the plaintiff Werner Transportation Company and against all of the defendants for $7,500 and denied recovery on Beezley's counterclaim. In the second case the verdict was in favor of Margaret Sorensen, Administratrix, for $10,000 and against all of the defendants, and for the plaintiff Sorensen on Beezley's counterclaim. Judgments were entered accordingly.

Each of the defendants then filed motions to vacate the judgments and to enter judgment for the defendants or for a new trial. All the motions were denied, and the defendants have appealed.

The appellants have filed separate briefs. Their contentions may be summarized, however, as follows:

1. The court erred in denying their motions for a directed verdict and for judgment notwithstanding the verdict because (a) The evidence does not support a finding that Beezley was negligent, and (b) The evidence shows conclusively that Sorensen's negligence caused the collision.

2. The court erred in charging the jury that as a matter of law Beezley was at the time of the accident the agent of both the Clark Transport Company and the Dealer's Transport Company. Each company contends that Beezley was the agent of the other. In this connection the Clark Transport Company contends that the court erred in admitting plaintiff's exhibit 37 over its objection.

3. All the appellants contend that the court erred in instructing the jury that there

was a presumption that Sorensen exercised due care for his own safety prior to and at the time of the accident.

In considering the contentions of the appellants we are, of course, governed by Rule 61 of the Federal Rules of Civil Procedure, 28 U.S.C.A. And "The choice of conflicting versions of the way the accident happened, the decision as to which witness was telling the truth, the inferences to be drawn from uncontroverted as well as controverted facts, are questions for the jury." Ellis v. Union Pacific R. Co., 329 U.S. 649, 653, 67 S.Ct. 598, 600, 91 L.Ed. 572; Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Chicago & N. W. R. Co. v. Grauel, 8 Cir., 160 F.2d 820, 826.

Guided by the foregoing principles and viewing the evidence as we must in a light most favorable to the prevailing party, Waylander-Peterson Co. v. Great Northern Ry. Co., 8 Cir., 201 F.2d 408, we think the court did not err in denying appellants' motions for a directed verdict. The evidence so considered, we think, abundantly supports the verdict of the jury based on its necessary finding that the collision was caused by the negligence of Beezley and not that of Sorensen. Our conclusion on this point also negatives the contentions of defendants that because of the alleged want of evidence to support the verdict the defendant-appellants are entitled to a new trial.

The question of which driver was operating his tractor-trailer on the wrong side of the road when the collision occurred is decisive on this point. As stated above, the highway at the point where the accident happened runs in a northerly-southerly direction and is practically level. The concrete pavement is 18 feet wide with a black stripe down the center. On the edge of the pavement is a so-called "lip." The shoulders are 5 feet and 5 inches wide with guard rail posts 12 feet apart along them on each side of the pavement.

Werner's tractor-trailer unit operated by Sorensen together with its cargo weighed 46,000 pounds and its over-all length was 44 feet and 6 inches. The unit operated by Beezley weighed 28,960 pounds and was 44 feet and 10 inches long.

There were no third party witnesses to the accident, but several persons, including the county sheriff, came upon the scene a short time after it occurred. They found Sorensen seated in his cab dead. Beezley received a scalp wound, but he talked with the witnesses about the circumstances.

It will be recalled that the Werner unit was traveling south and the Beezley unit north. It was the duty of Sorensen, the driver of the Werner unit, to keep to his right on the west side of the black stripe in the center of the pavement and for Beezley to travel on the east side thereof. When witnesses arrived on the scene they found the front end of Beezley's unit on the west side of the black center line on the pavement and the remainder of it on the east shoulder. The Werner unit was a considerable distance south thereof in the ditch on the east side of the road.

Other elements of the situation, however, indicated the movement of the vehicles at the time of and immediately preceding the collision. The tracks of the Werner unit were observed on the west shoulder of the highway for a considerable distance north of the place where the collision occurred, and the guard rails on the west shoulder had been knocked down for a distance of 96 feet. The tire tracks on the west shoulder began 150 feet north of where the guard rails were knocked down. These were the tracks of dual tires corresponding to the tires on the Werner unit. Besides these tracks on the west shoulder there were debris and gouge marks on the pavement justifying the inference that the collision occurred on the west side of the center of the pavement.

In ruling on defendants' motions for judgment notwithstanding the verdict or for a new trial Judge Nordbye fairly expressed the conclusion which the jury was warranted in finding based upon this evidence as follows [102 F.Supp. 675]:

"And a fair construction of the evidence would seem to impel a finding that Beezley was on the wrong side of

the road at the time the accident happened and that Sorensen in operating the Werner truck did everything possible to avoid the collision to the extent of veering so far off to the right that a long row of guide posts on the right side were demolished by the Werner truck in attempting to avoid the collision. The physical facts of the accident fully warranted the jury in finding that Beezley was guilty of negligence and that Sorensen was free from any contributory negligence."

▉ Other evidence supported the verdict of the jury also. Beezley had driven from Chicago that day, having started out at 11:30 a. m., and with the exception of stops aggregating three and one-half hours he had been driving continuously. He was no doubt tired. Clearly Beezley was violating rule 3 of Part 5 and section 2.04 of Part 2 of the Motor Carrier Safety Regulations issued by the Interstate Commerce Commission which provide that "No carrier subject to these regulations shall permit or require a driver in his employ to drive for more than 10 hours in the aggregate in any period of 24 consecutive hours, unless such driver be off duty for 8 consecutive hours during or immediately following the 10 hours aggregate driving within said period of 24 consecutive hours." And "No motor vehicle shall be driven by any driver while his ability or alertness is so impaired by fatigue, illness or any other cause as to make it unsafe for him to drive * * * except in case of grave emergency * * *." In our opinion these rules and regulations are reasonable and therefore valid and binding upon the defendants. See American Trucking Association, Inc. v. United States, 344 U.S. 298, 73 S.Ct. 307.

Mr. George L. Fort, county sheriff, arrived on the scene sometime after the accident occurred. He testified that upon arriving: "I talked to Mr. Beezley and asked him how the accident happened and Mr. Beezley said, 'God, I don't know.' I said to Beezley, 'What did you do, fall asleep?' Mr. Beezley said, 'I must have.'" The witness Lloyd Harris arrived on the scene about 2:15 a. m. He asked what happened and Beezley answered: "I don't know. All I know is there was a crash and I was trying to get out of my truck, * * I don't remember what happened." Beezley testifying later at the trial admitted the conversation testified to by the sheriff.

Without reviewing the evidence further, it is clear in our opinion that the court did not err in submitting to the jury the issue of whether the collision was caused by the negligence of Beezley or that of Sorensen.

We shall next consider the instruction of the court to the jury alleged by both appellant transport companies to be erroneous and the related objection of the Clark Company to the admission in evidence of appellees' exhibit 37.

The instruction complained of reads:

"We have had considerable evidence as to the relationship between the Dealer's Transport Company and the Clark Transport Company, and their relationship to Henry R. Beezley, the driver of the northbound truck which was involved in this accident, but the Court has determined as a matter of law, at least so far as the submission of the case to you is concerned, that Beezley, at the time of this accident, was acting as the agent of both of these companies, and if there is any negligence on the part of Beezley in the manner in which he drove the truck in question, these corporate defendants, as well as Beezley, and each of the corporate defendants, severally and jointly are responsible in law for any negligence, if there be any negligence on the part of Beezley. Consequently if there is to be a verdict on behalf of the plaintiffs, the verdict will be against the three defendants and no distinction will be made as to any liability which they may owe to these plaintiffs; that is, if Werner and Mrs. Sorensen as Administratrix are entitled to recover, the verdict will be as against all three defendants. Of course, if the plaintiffs are not entitled to recovery, then the verdict will be in favor of the three defendants."

554

■ And exhibit 37 reads:

"Ruling No. 4     August 19, 1936
  (08.101)

"Interstate Commerce Commission
  "Bureau of Motor Carriers

"The following is an administrative ruling of the Bureau of Motor Carriers, made in response to questions propounded by the public, indicating what is deemed by the Bureau to be the correct application and interpretation of the Act. Rulings of this kind are tentative and provisional and are made in the absence of authoritative decisions upon the subject by the Commission.

"Question:

"Under what circumstances may a carrier add to its equipment by leasing a vehicle and obtaining the service of its owner driver?

"Answer:

"The lease or other arrangement by which the equipment of an authorized operator is augmented, must be of such a character that the possession and control of the vehicle is, for the period of the lease, entirely vested in the authorized operator in such way as to be good against all the world, including the lessor; that the operation thereof must be conducted under the supervision and control of such carrier; and that the vehicle must be operated by persons who are employees of the authorized operator, that is to say, who stand in the relation of servant to him as master."

         "John L. Rogers,
            "Director."

It will be observed that exhibit 37 is only "tentative and provisional." It is not "authoritative." The ruling purports to be advisory only. Further, the exhibit was not prejudicial because the instruction of the court complained of fully explained to the jury the extent and scope of the responsibility of the Clark Transport Company. If that instruction is correct Clark cannot complain of the admission of exhibit 37.

■ In considering the validity of the instruction, supra, complained of by both transport companies, it will be observed that the shipment involved was in interstate commerce. It originated in Chicago, Illinois, and was being transported by defendants to a consignee in Huron, South Dakota. Insofar, therefore, as incidents of the shipment were controlled and regulated by Acts of Congress they were governed by federal laws; but in this case jurisdiction is admittedly based upon diversity of citizenship of the parties and the amount involved. Since the accident happened in the state of Minnesota the rights of the parties, therefore, are to be determined by Minnesota law as declared by the courts of that state. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Baltimore & O. R. Co. v. Felgenhauer, 8 Cir., 168 F.2d 12, 14.

■ We have reached the conclusion that the court correctly instructed the jury that Beezley at the time of the collision involved was as a matter of law operating the tractor-trailer as the servant and agent of both defendant transport companies. Both companies were interstate and intrastate common carriers of property under the provisions of 49 U.S.C.A., c. 8, Part II, §§ 301–327, known as the Motor Carrier Act. Both were operating under certificates of convenience and necessity issued by the Interstate Commerce Commission.

Beezley, the owner of a Ford tractor, was at the time of the collision and prior thereto engaged as an owner-driver by Dealer's Transport Company. He was paid by his employer upon a mileage basis according to the amount of driving he did. Under the contract between them Beezley agreed to devote his entire time and services exclusively to Dealer's, performing such duties as the employer should delegate to him.

At the time of the accident on February 9, 1951, Beezley was on his way from Chicago, Illinois, to Huron, South Dakota, transporting automobiles. One Bowers had requested Dealer's Transport Company to transport the automobiles to that city. Dealer's had operating rights under its cer-

tificate only from Chicago to Milwaukee, and Clark Transport Company had such rights from Milwaukee to Huron. The two companies entered into a trip lease by the terms of which Dealer's leased to Clark the vehicles operated by Beezley for the trip from Milwaukee to Huron. Before starting on the trip Beezley received instructions and directions from the dispatchers of both transport companies; and after the accident Beezley reported it to both companies.

The two transport companies had many transactions of this sort in which Beezley drove the tractor-trailer used. They had an understanding as to the division of compensation received for such transportation. For the trip in question beginning on February 8, 1951, the total freight charges were $289.41 plus $8.68 tax, or a total of $298.09. Had the trip been completed and the freight earned it was to be divided as follows: To Beezley, $188.12; to Dealer's Transport Company, $63.50, and to Clark Transport Company, $37.79.

■ The trial court, citing several authorities, held that under the evidence "Beezley was acting as agent for both companies in a joint enterprise in which both of them participated in the returns." See Koplitz v. City of St. Paul, 86 Minn. 373, 90 N.W. 794, 58 L.R.A. 74; Ellingson v. World Amusement Service Ass'n, 175 Minn. 563, 222 N.W. 335. In part all three of the participants were engaged in a joint enterprise and as such were all liable to the parties injured by the negligence of the driver. From another point of view the two transport companies were joint adventurers and Beezley was only their servant and agent. From every point of view all were liable to those injured by Beezley's negligence.

■ Finally the appellants insist that the court erred in its instruction to the jury as follows:

"Sorensen, as the evidence discloses, is deceased and he is not here to tell his story as to what took place. A person who is killed in an accident is presumed to have acted with due care to insure his own safety. That is the presumption, or more accurately, the inference of due care that the law gives to one who is killed in an accident in that he is not here to testify for himself. Sorensen is entitled to the benefit of that inference of due care. That inference of due care, however, disappears when there is evidence of the care the decedent did take or omitted to take to avoid death, because when such evidence appears you must determine the fact whether Sorensen used due care or was negligent upon the evidence received without the aid of such presumption or inference. And it will be for you to say whether or not Sorensen did fail to exercise reasonable care, and if defendants have established the burden of proving contributory negligence, then there can be no verdict for the plaintiffs in this case, neither on the part of Werner nor on the part of Mrs. Sorensen as Administratrix, because contributory negligence, if established, would be a complete defense to both claims."

The opinion and ruling of Judge Nordbye on the appellants' motions for judgment notwithstanding the verdict or for a new trial in which the foregoing instruction was assailed is reported in 102 F.Supp. at page 670. In the opinion the court discusses at length the objection to the above instruction and analyzes the Minnesota cases on that subject. The opinion concludes [102 F.Supp. 676]:

"The verdict of the jury, in the opinion of the Court, is amply sustained by the evidence. Substantial justice has been done between the parties and the verdict should not be disturbed. If any error has occurred in the Court's instructions it was harmless error. See Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A."

And the motions of appellants were in all things denied.

A similar situation was presented to this court in the case of Twin City Hardwood Lumber Co. v. Dreger, 8 Cir., 199 F.2d 197, 198, a case involving the application of

556

Minnesota law to instructions to a jury in which we said:

"In considering these questions we must be governed by the substantive law of the state of Minnesota, where the contract was made and executed and where the court tried the case. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. But procedural questions are governed by the federal law applicable."

And in Pauling v. Pauling, 8 Cir., 159 F.2d 531, 534, appealed from the district court of Minnesota, this court said: "The question is, moreover, one of local law, on which the considered opinion of the trial judge will be accorded great weight by this court." Citing authorities.

Applying these principles to the present case we agree with the conclusion as well as the reasoning of the trial judge.

■■■ The decisions of the Supreme Court of Minnesota as to instructions on the question of presumptions are admittedly confusing. But in the case of Shell Oil Co. v. Kapler, 235 Minn. 292, 50 N.W.2d 707, 713, decided December 21, 1951, a few days only after Judge Nordbye's opinion, supra, in this case, the Court say:

. "The limited function of a presumption as a procedural device has been pointed out with clarity in a number of Minnesota decisions and will not be discussed here. It is enough to point out that a presumption is merely a procedural device for controlling the burden of going forward with the evidence and that it has no additional function other than the limited one of dictating the decision where there is an entire lack of competent evidence to the contrary * * *." Citing several Minnesota cases and Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229.

■■■ If it is a procedural question then it is controlled by federal law, and in Northern Pac. Ry. Co. v. Haugan, 8 Cir., 184 F.2d 472, 479, this court say: "There is a presumption that a dead man exercised due care for his own safety."

We find no reversible error. The judgments appealed from are accordingly

Affirmed.